**Dezso Pal HAJNAL, Petitioner,**

v.

**U.S. IMMIGRATION AND NATURAL-IZATION SERVICE, Respondent.**

No. 90–70453.

United States Court of Appeals, Ninth Circuit.

Oct. 26, 1992.

John V. Kendrick, Honolulu, Hawaii, for petitioner.

Michele Y.F. Sarko, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

Before: BROWNING, NORRIS, and REINHARDT, Circuit Judges.

PER CURIAM:

Hajnal, a Canadian citizen, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming his deportation order. After the issuance of the BIA's decision, Hajnal voluntarily left the United States. The Immigration and Naturalization Service moves to dismiss this appeal for lack of jurisdiction. We grant the motion.

As a general rule, we may not review deportation orders of aliens who depart from the United States after the order has been issued. The Immigration and Nationality Act provides, in pertinent part: "An order of deportation or of exclusion shall not be reviewed by any court ... if [the alien] has departed from the United States after issuance of the order." 8 U.S.C. § 1105a(c) (1988).

It is well-established in our Circuit that § 1105a(c) applies only in cases where the departure was "legally executed."

*Mendez v. Immigration and Naturalization Service,* 563 F.2d 956, 958 (9th Cir. 1977). Here, since the departure was voluntary, it was legally executed.

■ Hajnal opposes the motion on the ground that § 1105a(c) does not apply to him because he was a permanent resident of the United States at the time he was deported. Neither § 1105a(c) nor the case law interpreting this section makes an exception for aliens who are permanent residents.

In *United States v. Blaize,* 959 F.2d 850 (9th Cir.1992), we held that an alien who had voluntarily left the country after appealing a deportation order to the BIA waived that appeal. While *Blaize,* involved the question of the jurisdiction of the BIA and not of the Court of Appeals, its analysis applies to our jurisdiction as well. *See also Joehar v. Immigration and Naturalization Service,* 957 F.2d 887 (D.C.Cir. 1992).

Because we have no jurisdiction to consider Hajnal's petition for review, it is DISMISSED.

This case is hereby removed from the November 4, 1992 Calendar for Honolulu, Hawaii.