**Carlos CAMACHO–BORDES, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 94–1194.**

United States Court of Appeals, Eighth Circuit.

Submitted July 25, 1994.

Decided Aug. 22, 1994.

Robert Dildine, Minneapolis, MN, argued (Mark C. Walters and Alison R. Drucker, on the brief), for petitioner.

Alice M. King, Washington, DC, argued (Laurie Steven Filppu, on the brief), for respondent.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Petitioner Carlos Camacho–Bordes seeks judicial review of a final order of deportation entered by the Board of Immigration Appeals (BIA). *In re Camacho–Bordes,* No. A26–793–657 (B.I.A. Oct. 27, 1993) (order of deportation). For reversal petitioner argues the Immigration and Naturalization Service (INS) unlawfully refused to consider him eligible for discretionary relief from deportation

under § 212(c) of the Immigration and Nationality Act (INA), as amended, 8 U.S.C. § 1182(c). For the reasons discussed below, we dismiss the appeal for lack of jurisdiction.

Petitioner, a native and citizen of Mexico, entered the United States in 1979 as a non-immigrant visitor. In January 1983 he married Joan Steffenhagen, a United States citizen. He later visited Mexico and reentered the United States on May 16, 1983. On November 13, 1983, petitioner became a lawful permanent resident on the basis of his marriage. On February 20, 1986, petitioner was found guilty, pursuant to a plea agreement, of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 18 months imprisonment and 3 years special parole. According to petitioner, as part of the plea agreement, the United States Attorney's office agreed to recommend to the INS that he not be deported. On June 19, 1986, the INS began deportation proceedings by issuing an order to show cause. The basis for the proposed deportation was petitioner's drug conviction. The INS served the order to show cause while petitioner was in custody at the Federal Medical Center in Rochester, Minnesota. According to petitioner, he never received the order to show cause and did not comprehend the nature of the deportation proceedings.

At the initial deportation hearing in February 1988, petitioner was granted a 2–month continuance in order to obtain counsel. At the rescheduled deportation hearing, petitioner told the immigration judge that he had not been able to obtain counsel and proceeded pro se. Petitioner conceded deportability. The immigration judge found petitioner was deportable and considered whether petitioner was eligible for discretionary relief from deportation. The immigration judge found that petitioner was not eligible for discretionary relief from deportation under INA § 212(c), 8 U.S.C. § 1182(c), because he had been a lawful permanent resident only since November 1983 and therefore lacked the necessary 7 consecutive years of lawful unrelinquished domicile. Petitioner appealed to the BIA. The BIA affirmed, holding that the acquisition of lawful unrelinquished domicile time for purposes of eligibility for discretionary

relief from deportation under INA § 212(c), 8 U.S.C. § 1182(c), must be subsequent to the date of lawful permanent resident status. The BIA also denied petitioner's request to remand his case for further consideration on the grounds that he had accrued the necessary 7 consecutive years of lawful unrelinquished domicile during the pendency of the administrative appeal proceedings.

■ Petitioner filed a petition for judicial review and a motion for stay of deportation pending appeal. Because petitioner had been convicted of a drug trafficking offense, which is an aggravated felony for purposes of the Act, the filing of the petition for judicial review did not automatically stay the order of deportation. *See* INA §§ 101(a)(43), 106(a)(3), 8 U.S.C. §§ 1101(a)(43), 1105a(a)(3). This court granted a temporary stay of deportation and requested supplemental briefing. On March 23, 1994, the court dissolved the temporary stay and on April 7, 1994, denied petitioner's motion to reconsider. The next day, on April 8, 1994, petitioner was deported to Mexico.

■ Section 106(c), 8 U.S.C. § 1105a(c), provides in pertinent part that "[a]n order of deportation ... shall not be reviewed by any court if the alien ... has departed from the United States after the issuance of the order." The government argues that this court lacks jurisdiction to review the petition for review because petitioner has departed from the United States. As noted above, although the court granted a temporary stay of deportation, the court later dissolved the stay and the government deported petitioner. Petitioner argues that the reference to "departed" in INA § 106(c), 8 U.S.C. § 1105a(c), requires voluntary departure, not involuntary departure by means of deportation, to preclude judicial review.

There is a split among the circuits as to the meaning of "departed" in INA § 106(c), 8 U.S.C. § 1105a(c). *Roldan v. Racette*, 984 F.2d 85, 89–91 (2d Cir.1993) (reviewing circuit decisions); *compare Mendez v. INS*, 563 F.2d 956 (9th Cir.1977) (holding "departed" cannot mean departure "in contravention of

procedural due process"),[1] *with Quezada v. INS,* 898 F.2d 474, 476 (5th Cir.1990) (rejecting *Mendez* exception and holding that a court of appeals cannot consider an alien's petition for review once the alien has been deported, regardless of the circumstances of the deportation),[2] *and Marrero v. INS,* 990 F.2d 772, 777 (3d Cir.1993) (adopting middle ground, holding court of appeals has jurisdiction to review an order of deportation after the alien has been forcibly deported if the record reveals a "colorable" due process claim). Our research has discovered no Eighth Circuit case squarely on point. After reviewing the decisions of our sister circuits, we agree with the analysis in *Marrero v. INS* and adopt the Third Circuit's middle position between the Ninth Circuit's *Mendez* exception and the Fifth Circuit's strict lack of jurisdiction view. Like the Third Circuit, we are reluctant to substitute "deported" for the statutory term "departed" when to do so would effectively leave the courts with no way to protect the fundamental due process rights of aliens. *Marrero v. INS,* 990 F.2d at 777. Accordingly, we hold that, under 8 U.S.C. § 1105a(c), we have jurisdiction to review an order of deportation, after the alien has been forcibly deported, if the record reveals a colorable due process claim.

█ Petitioner argues he failed to receive written notice of the charges against him and deportation was contrary to the terms of his plea agreement. After a careful review of the record in the present case, we hold that the record does not reveal a colorable due process claim. The record shows that petitioner was served with the order to show cause informing him of the nature of the charges against him. Even though the transcript of the initial telephonic hearing is not complete (it does reflect a number of instances where the dialogue is "indiscernible"), the intelligible portions of the transcript show that the immigration judge referred to the order to show cause, marked it as exhibit 1, and briefly reviewed its contents with petitioner. The immigration judge explained to petitioner that the effect of the order to show cause would be to revoke his permanent resident status and granted petitioner a 60–day continuance to consult an attorney. The transcript of the guilty plea hearing also shows that, as part of the plea agreement, the government agreed to recommend against deportation, but that petitioner understood that the INS did not have to follow that recommendation and could still deport him. We note that petitioner has not challenged the constitutionality of the criminal procedures surrounding his underlying drug trafficking conviction.

Accordingly, we dismiss the appeal for lack of jurisdiction.[3]

---

1. *Accord Juarez v. INS,* 732 F.2d 58, 59–60 (6th Cir.1984).

2. *Accord Roldan v. Racette,* 984 F.2d 85, 90 (2d Cir.1993); *Saadi v. INS,* 912 F.2d 428, 428 (10th Cir.1990) (per curiam); *see also Umanzor v. Lambert,* 782 F.2d 1299, 1303 n. 5 (5th Cir.1986) (characterizing *Mendez* exception as "a sinkhole that has swallowed the rule of § 1105a(c)"); *cf. Joehar v. INS,* 294 U.S.App.D.C. 138, 957 F.2d 887, 890 (1992) (criticizing *Mendez* exception).

3. We express no opinion on the merits of petitioner's argument that the INS unlawfully refused to consider him eligible for discretionary relief from deportation under § 212(c) of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1182(c), or whether lawful unrelinquished domicile time for purposes of eligibility for discretionary relief under that section must be accrued subsequent to the date of acquisition of lawful permanent resident status.

The author has some reservations about the practical application of the intermediate approach we adopt in the present case. We may wish to reconsider the Fifth Circuit's bright line approach in the future. It has been my experience that exceptions tend to be applied either too often (the "exception that swallows the rule") or too rarely to be useful.