**Annette BATTS o/b/o Glenn R. Batts, Plaintiff,**

**v.**

**Jo Anne B. BARNHART, Commissioner of the Social Security, Defendant.**

**No. 01–CV–2622.**

United States District Court, N.D. Alabama, Southern Division.

April 23, 2002.

Darryl W. Hunt, Felice Ann S. Goldstein, Clark & James LLC, Birmingham, AL, for Plaintiff.

Alice H. Martin, U.S. Attorney, Linda S. Trippe, Edward Q. Ragland, U.S. Attorney's Office, Birmingham, AL, Mary Ann Sloan, Anita Kay Brotherton, Social Security Administration Office of General Counsel, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUTTRAM, District Judge.

The claimant, Annette Batts, on behalf of her minor son, Glenn Batts, appeals from the decision of the Commissioner of Social Security ceasing Glenn's benefits. The case is now properly before this Court. *See* 42 U.S.C. § 405(g).

In reviewing claims brought under the Social Security Act, this Court is limited to determining whether the Commissioner's factual findings are supported by substantial evidence and whether he applied the correct legal standards. *Lamb v. Bowen,* 847 F.2d 698, 701 (11th Cir.1988), *Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir.1986). Substantial evidence is "more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983) (citations omitted). This Court may not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Id.* Even if it finds the evidence preponderates against the Commissioner's decision, this Court must affirm if the decision is supported by substantial evidence. *Id.*

Despite this deferential standard, this Court must consider the record in its entirety, and take into account evidence that is both favorable and unfavorable to the Commissioner's decision. *Lamb,* 847 F.2d at 701, *Chester,* 792 F.2d at 131. No presumption of correctness attaches to the legal standards applied by the Commissioner. *Bridges v. Bowen,* 815 F.2d 622, 624 (11th Cir.1987).

Ms. Batts contends that the Administrative Law Judge's decision is not supported by substantial evidence and that he applied the improper legal standard in finding that Glenn's attention deficient hyperactivity disorder was not a severe impairment and that he did not have a "marked" limitation in his ability to maintain concentration, persistence, and pace. Based on its review of the record, the Court finds that two determinations of the Administrative Law Judge are not based on substantial evidence in the record: (1) his failure to find that Glenn's ADHD was a "severe impairment," and (2) his statement that "any difficulties" that Glenn had in the area of concentration, persistence, and pace "have been related to [Glenn's] behavior problems which are controllable *if [Glenn] is so motivated.*" R.23 (emphasis added). The Court finds that these two findings indicate an improper substitution of the Administrative Law Judge's opinion regarding Glenn's limitations based on his mental health impairments. This case is not the first time that this Court has determined, on the record, that this Administrative Law Judge improperly substituted his opinion as to the severity of a mental impairment when there was no medical evidence to support such conclusions. The record clearly supports a finding that Glenn suffers from ADHD. R. 265. Moreover, there is nothing in the record to suggest, as the Administrative Law Judge found, that Glenn would have no functional limitation in the area of concentration, persistence, and pace if he was "motivated" to

control his "behavior problems." The Administrative Law Judge's findings to the contrary are not supported by substantial evidence and indicate an improper substitution of his own opinion. *See Marbury v. Sullivan,* 957 F.2d 837, 840–41 (11th Cir.1992)(Johnson, J., concurring specially).[1]

This case is due to be remanded for further proceedings—including (but not limited to) further evaluation by a mental health care provider—to determine whether Glenn has a severe impairment (or severe impairments) that *medically* meets or equals or is functionally equal to a listed impairment.

Based on the foregoing, it is ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of Social Security be and the same hereby is REVERSED and that the case be REMANDED for further proceedings in conformity with this Memorandum Opinion and Order.

---

1. Judge Johnson wrote:

    An ALJ may, of course, engage in whatever idle speculations regarding the legitimacy of the claims that come before him in his private or personal capacity; however, as a hearing officer he may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional.

    Because the ALJ made no factual findings supporting an inference that the treating physicians were incompetent or otherwise failed to perform their duties in a professional manner, the ALJ's decision not to credit seriously the medical diagnoses indicating psychogenically caused seizures cannot stand. Although the ALJ could have legitimately discounted the diagnoses, he could have done so only if he had clearly articulated his reasons for such action. Moreover, the ALJ's proffered reasons for discounting the diagnoses had to be supported by substantial evidence. In this case, the ALJ has not articulated any valid reasons for calling into question the diagnoses-much less supported his medical conclusions with substantial or considerable evidence.

    Although Social Security disability benefits must be reserved only for those who qualify to receive them, an ALJ may not arrogate the power to act as both judge and physician. The ALJ in this case clearly exceeded his legal authority by allowing his personal views regarding the non-physical source of Marbury's seizure disorder to interfere with his responsibilities to administer fairly the Social Security disability programs. On remand, let us hope that the ALJ refrains from playing doctor and instead satisfies himself with merely serving as a judge.

    *Marbury,* 957 F.2d at 840–41 (citations and footnote omitted).