# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-1265

RASHMIKA PATEL,

*Petitioner,*

*v.*

JOHN D. ASHCROFT,

*Respondent.*

_____

On Petition for Review of an Order of
the Board of Immigration Appeals.
No. A 74 546 411.

_____

SUBMITTED FEBRUARY 27, 2004—DECIDED AUGUST 3, 2004

_____

Before POSNER, RIPPLE, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge.* Once again we deal with issues arising from the removal (deportation) of an alien in violation of a stay granted by this court. *Dimitrov v. Ashcroft,* 368 F.3d 960 (7th Cir. 2004) (per curiam). Rashmika Patel, a native of India, was arrested by the Bureau of Immigration and Customs Enforcement (BICE) in July 2003 when she appeared at an office of the Bureau to request a work permit based on her recent marriage to a U.S. citizen. The basis of the arrest was an outstanding removal order that had been entered against her in absentia in August of 1998. Upon

being arrested she sought to reopen the removal case, and after the Board of Immigration Appeals turned her down she filed a petition for review in this court. A few weeks later, at 7:45 a.m. on February 27 of this year, BICE phoned her lawyer to tell him that Patel had been moved to a "staging facility" for removal, though he didn't tell the lawyer, and the lawyer was unable to discover by calling others in BICE, when she would be removed. The lawyer did not ask us for a stay of removal until sometime after 3 p.m. At 3:50, BICE was informed that a judge of this court had granted a stay. This information was relayed in only a few minutes to the agent who had accompanied Patel to the airport for her flight to India, but by this time the flight had left. Patel is now in India.

Under both the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 that govern Patel's case and the permanent rules, filing a petition for review with this court does not stay an alien's removal. IIRIRA § 309(c)(4)(F), reproduced in notes to 8 U.S.C. § 1101; *Sofinet v. INS*, 188 F.3d 703, 706 (7th Cir. 1999); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1338 n. 6 (11th Cir. 2001) (per curiam); see also 8 U.S.C. § 1252(b)(3)(B). So Patel was subject to removal at any time after the entry of the removal order more than five years ago (except, as we'll see, during the interval when her petition to reopen was pending before the Board of Immigration Appeals); the long delay in asking this court for a stay was a serious error by her lawyer.

He says he didn't file the motion for a stay of removal earlier because his client was entitled to an *administrative* stay on the basis of a pending motion that she had filed with the Board of Immigration Appeals to reconsider its decision turning down her motion to reopen her case. A regulation provides that "except in cases involving in absentia orders, the filing of a motion to reopen or a motion to reconsider

shall not stay the execution of any decision made in the case," 8 C.F.R. § 1003.23(b)(1)(v)—and Patel's was an in absentia case. But the provision we have just quoted applies only to motions to reopen or reconsider decisions by an immigration judge, not motions to reopen or reconsider decisions of the Board of Immigration Appeals. Such motions are governed by 8 C.F.R. § 1003.2(f), which provides that "the filing of a motion to reopen or a motion to reconsider shall not stay the execution of any decision made in the case . . . except where a motion is filed pursuant to the provisions of §§ 1003.23(b)(4)(ii) and 1003.23(b)(4)(iii)(A)." Those sections specify the procedures for filing motions to reopen in absentia orders, but do not mention motions to reconsider.

A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier, while a motion to reopen asks for reconsideration on the basis of facts or evidence not available at the time of the original decision, such as changed country conditions. So whereas a motion to reconsider rehashes arguments that should have been presented the first time around, a motion to reopen calls attention to potentially vital information that could not have been presented earlier. *Kurzban's Immigration Law Sourcebook* 738, 744 (8th ed. 2002). In granting stays of deportation while motions to reopen were pending with the BIA, we have remarked that due process might be infringed by denying stays to aliens who had possibly meritorious motions to reopen pending. See *Castaneda-Suarez v. INS*, 993 F.2d 142, 145-46 (7th Cir. 1993); see also *Gutierrez-Rogue v. INS*, 954 F.2d 769, 773 (D.C. Cir. 1992). We cannot find any cases in which a similar concern has been expressed with regard to stays of deportation while motions to reconsider were pending. We conclude that Patel's removal was not

stayed by virtue of the filing of a motion to reconsider the denial of her motion to reopen.

The government has moved to dismiss Patel's petition for review on the ground that a court has no jurisdiction to review an order of removal or deportation after the alien has been removed. And so the statute provides. IIRIRA § 309(c)(4), reproduced in notes to 8 U.S.C. § 1101; 8 U.S.C. § 1105a(c) (1996) ("an order of deportation . . . shall not be reviewed by any court if the alien . . . has departed from the United States after issuance of the order"); *Robledo-Gonzales v. Ashcroft*, 342 F.3d 667, 674 n. 7 (7th Cir. 2003); *Swaby v. Ashcroft*, 357 F.3d 156, 160 n. 8 (2d Cir. 2004); *Lara v. Trominski*, 216 F.3d 487, 491-92 (5th Cir. 2000), though only for cases governed either by the transitional rules or by the Immigration and Nationality Act as it stood before IIRIRA was enacted. *Swaby v. Ashcroft, supra*, 357 F.3d at 160 n. 8; *Moore v. Ashcroft*, 251 F.3d 919, 922 (11th Cir. 2001). But what if, as in this case, the alien is removed in violation of a stay issued by a court? The Supreme Court left this question open in *United States v. Mendoza-Lopez*, 481 U.S. 828, 837 and n. 13 (1987), and we have never had occasion to answer it. The language of the statute provides no conclusive answer, because it does not explicitly address the question of illegal removal. Several circuits, following the path cut by the Ninth Circuit in *Mendez v. INS*, 563 F.2d 956 (9th Cir. 1977), hold that the court retains jurisdiction when the deportation was carried out in violation of a stay or other order, or in a manner that otherwise denied the alien due process of law. E.g., *Hose v. INS*, 180 F.3d 992, 995 n. 5 (9th Cir. 1999) (en banc); *Singh v. Waters*, 87 F.3d 346 (9th Cir. 1996); *Camacho-Bordes v. INS*, 33 F.3d 26, 28 (8th Cir. 1994); *Marrero v. INS*, 990 F.2d 772, 773 (3d Cir. 1993); *Juarez v. INS*, 732 F.2d 58, 60 (6th Cir. 1984). Other circuits, pointing out the well-nigh unlimited reach of the exception recognized in the *Mendez* line of cases, reject a general exception to the jurisdictional

bar for cases in which the order of removal was legally infirm. E.g., *Baez v. INS*, 41 F.3d 19, 23 (1st Cir. 1994); *Roldan v. Racette*, 984 F.2d 85, 90 (2d Cir. 1993); *Quezada v. INS*, 898 F.2d 474, 477 (5th Cir. 1990). Yet some of these courts speculate that they might recognize an exception for extreme circumstances—including removal in violation of a stay, *Edwards v. INS*, 59 F.3d 5, 7 (2d Cir. 1995), at least if the violation is deliberate. *Baez v. INS*, *supra*, 41 F.3d at 25.

It seems to us that the narrower exception provides the more plausible understanding of how Congress would have responded in drafting the jurisdictional bar had the issue been presented to it. We doubt that Congress meant to empower the immigration authorities to thwart judicial review by removing the alien from the United States in conscious contempt of a judicial decree. But there was no willfulness on the part of the government in this case—on the contrary, the violation of the stay was technical and inadvertent, the stay having been issued too late to be communicated to the airline in time to stop the departure. Patel should not be allowed to gain a procedural advantage from the action of her lawyer in dawdling about seeking a stay of the original removal order. *Baez v. INS*, *supra*, 41 F.3d at 25; *Arreaza-Cruz v. INS*, 39 F.3d 909, 911 (9th Cir. 1994). Not only must the motion for a stay of removal be dismissed as moot, therefore, but the petition for review must also be dismissed as outside our jurisdiction.

SO ORDERED.

No. 04-1265

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*