**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued June 15, 2005
Decided June 27, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 04-2241

| | |
|---|---|
| MARTIN G. BARRIOS,<br>            *Petitioner*,<br>     v.<br><br>ALBERTO GONZALES,<br>            *Respondent.* | Petition for Review of an Order of the<br>Board of Immigration Appeals<br><br>No. A76-249-377 |

**O R D E R**

Martin Barrios petitions for review of an order of the Board of Immigration Appeals denying his motion to reconsider as untimely. Barrios concedes that his motion was filed more than 30 days after the Board's final decision but argues that the limitations period should have been equitably tolled. We deny the petition for review because even if the time limit for filing a motion to reconsider may be equitably tolled, Barrios has not established that tolling would have been warranted.

## I. Background

Barrios, a native of Mexico, applied for lawful permanent residence in December 1996. His application was denied, and he was then served with a Notice to Appear, charging him with removability under sections 212(a)(5)(A)(I) and 212(a)(7)(A) of the Immigration and Nationality Act. Barrios admitted removability but applied for discretionary cancellation of removal or, in the alternative, voluntary departure. An immigration judge denied the application after

determining that Barrios had not established two of the statutory requirements for cancellation: continuous physical presence in the United States for ten years and "exceptional and extremely unusual hardship" to a spouse, child, or parent who is a citizen or permanent resident of the United States.  8 U.S.C. § 1229b(b)(1)(A),(D). Barrios appealed the decision to the Board, which summarily dismissed the appeal when his attorney, Gary Spraker, failed to file a brief.  Barrios then learned that Spraker had been suspended from practice.  He retained new counsel, Rosalba Pina, and on June 10, 2002, filed a motion to reopen the appeal, claiming ineffective assistance of counsel based on *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988).  In its decision of November 12, 2002, the Board determined that counsel had been ineffective, granted the motion to reopen the appeal, and then proceeded to dismiss the appeal on the merits.   The Board reasoned that Barrios had not supplied evidence that undermined the IJ's findings with regard to hardship and continuous physical presence.

On May 19, 2003, more than six months after the Board's decision, Barrios (still represented by Pina) filed a motion to reconsider.  He acknowledged that the 30-day time period for filing the motion had expired, *see* 8 C.F.R. § 1003.2(b)(2), but argued that the time limit should be equitably tolled because he "did not receive any notification from the Board regarding Spraker's suspension while his appeal was pending."  Had he been notified, Barrios argued, "he would have been provided an opportunity to seek representation as required by due process," and "[f]or this reason this matter is subject to equitable tolling."  Among the evidence submitted with the motion was an affidavit in which Barrios attested that some of records were still in the possession of Spraker, his former attorney.   Without responding to the equitable tolling argument, the Board denied the motion to reconsider as untimely.  Barrios appeals.

## II. Analysis

We review the Board's decision to deny a motion to reconsider under the "highly deferential" abuse of discretion standard.  *Ali v. Ashcroft*, 395 F.3d 722, 731 (7th Cir. 2004).  On appeal Barrios primarily argues that the Board erred by not applying the doctrine of equitable tolling to excuse the lateness of his motion to reconsider.   He contends that tolling was warranted because of the ineffective assistance of his former attorney, Spraker.

We have not yet decided whether the 30-day time period for filing motions to reconsider is subject to equitable tolling.  If the time period is procedural, not jurisdictional, it is subject to tolling.  *See Joshi v. Ashcroft* 389 F.3d 732, 735 (7th Cir. 2004).  In *Joshi*, we held that the restriction on filing multiple motions to reopen (a similar restriction exists for motions to reconsider) is not jurisdictional. *Id.*  We explained that deadlines governing the transition from one court or tribunal

to another are generally jurisdictional, while successive motions addressed to the same tribunal are not.  *Id.*   We recently relied in part on *Joshi* in holding that the 180-day limit for motions to reopen proceedings after an *in absentia* removal order, 8 U.S.C. § 1229a(b)(5)(C)(ii), was non-jurisdictional and therefore subject to the doctrine of equitable tolling.   *Pervaiz v. Gonzales*, 405 F.3d 488, 490 (7th Cir. 2005).  Other circuits have reached the same conclusion.  *See Borges v. Gonzales*, 402 F.3d 398, 405-406 (3d Cir. 2005); *Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002); *Iavorksi v. INS*, 232 F.3d 124, 130 (2d Cir. 2000); *Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir. 1999); *but see Anin v. Reno*, 188 F.3d 1273, 1278 (11th Cir. 1999) (180-day time period for motions to reopen is "jurisdictional and mandatory.").

The cases cited above address motions to reopen rather than motions to reconsider; more specifically, they concern motions to reopen proceedings under a statutory subsection that calls for a lack of notice or "exceptional circumstances" to explain why the alien did not appear for removal proceedings, *see* 8 U.S.C. § 1229a(b)(5)(C)(ii).   But both motions seek review of a decision by the same tribunal that issued it; thus both time limits are non-jurisdictional under the logic of *Joshi*, suggesting that equitable tolling would apply equally to both cases.   *See Stone v. INS*, 514 U.S. 386, 405 (1995) (jurisdictional limitations not subject to tolling).  Barrios assumes as much.  However, it might be argued that the nature of a motion to reopen renders it a more likely candidate for equitable tolling than a motion to reconsider.  As we have explained, "[a] motion to reopen asks for reconsideration on the basis of facts or evidence not available at the time of the original decision, such as changed circumstances."  *Patel v. Ashcroft*, 378 F.3d 610, 612 (7th Cir. 2004).  On the other hand, a motion to reconsider "asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier." *Id.*   Because a motion to reopen aims to call attention to information that could not have been presented earlier, it might lend itself to equitable tolling in a way that a motion for reconsideration—which "rehashes arguments that should have been presented the first time around," *id.*—may not.   But we need not pursue the issue further.

Barrios has not presented a convincing argument that his lateness in seeking reconsideration should be excused even if the time period can be tolled.   He contends that the Board erred by not tolling the limitations period "because Barrios argued ineffective assistance of counsel."  Barrios argues here, as he did before the Board, that Spraker's ineffective assistance before the IJ and on appeal to the

Board, where Spraker failed to file a brief, entitled him to equitable tolling of the 30-day period.[1]

"[T]he test for equitable tolling, both generally and in the immigration context . . . is whether the claimant could reasonably have been expected to have filed earlier." *Pervaiz*, 405 F.3d at 490.  Here, the relevance of Spraker's ineffective assistance to the lateness of the motion to reconsider is unclear because he did not represent Barrios at any time during the six months it took to seek reconsideration. Barrios found out about Spraker's suspension from practice sometime after the Board's dismissal of his appeal in March 2002 for failure to file a brief.  He had new counsel, Pina, by the time he filed the motion to reopen in June 2002.  The Board granted that motion, reopened the appeal, and dismissed it on the merits in November 2002.  Barrios, still represented by Pina, moved to reconsider *that* decision more than six months[2] later without offering a legitimate reason for which he hadn't sought reconsideration within 30 days.  The justification he offered—Spraker's ineffective assistance—had already been accepted as a reason to reopen the appeal but was irrelevant to the motion to reconsider.  Barrios's other arguments in the motion to reconsider—that his counsel was ineffective before the IJ, that the Board misapplied the continuous physical presence rules, and that the Board should have remanded to the IJ rather than reaching the merits—all challenge the Board's decision to dismiss the appeal on the merits.  Although these arguments may present appropriate grounds for reconsideration, they do not bear on the applicability of equitable tolling to the 30-day time period.  Barrios did not file his motion in a timely manner and did not explain why he could not have been reasonably expected to file earlier.

---

[1] Taking umbrage at the government's contention in its brief that Barrios supplied "no reason" for the lateness of his motion, Barrios argues in his reply brief that the delay was caused by difficulties his new counsel encountered in obtaining "crucial documents" from attorney Spraker.  And at argument, Barrios suggested that the delay was in part due to the time it took to file a request for documents under the Freedom of Information Act.  However, arguments advanced for the first time in a reply brief are waived, *see United States v. Stevens*, 380 F.3d 1021, 1025 (7th Cir. 2004), as are those presented for the first time at oral argument, *see Szczesny v. Ashcroft*, 358 F.3d 464, 465 (7th Cir. 2004).  Moreover, Barrios did not present these arguments in his brief to the Board.  *See Huang v. Gonzales*, 403 F.3d 945, 951 (7th Cir. 2005).

[2] The government erroneously states on pages 12, 16, and 20 of its brief that the motion was 17-18 months late.

Barrios also makes the separate, somewhat confusing, argument that the Board abused its discretion in denying the motion to reconsider because it "ignored the crucial aspect that Barrios received notice of former counsel's suspension after his appeal was dismissed." Because he did not have notice until that time, Barrios contends, he "was unaware that while his appeal was pending he would require new competent counsel to represent him during the appellate process." Here, Barrios appears to argue that the Board should not have decided the appeal based only on evidence submitted with the motion to reopen because he never had an opportunity to fully prepare an appeal with competent counsel. But this argument attacks the Board's dismissal of the appeal; it does not address the denial of the motion to reconsider. Likewise, Barrios's argument regarding the proper application of the continuous physical presence rule attacks the dismissal of the appeal, which is not before this court. This court's appellate review is limited to the BIA's final orders of removal and it will therefore not look beyond the Board's stated procedural reasons for dismissal. *Awe v. Ashcroft*, 324 F.3d 509, 514 (7th Cir. 2003); *see Laboski v. Ashcroft*, 387 F.3d 628, 632 (7th Cir. 2004). Moreover, this court lacks jurisdiction to review denials of discretionary relief. *See* 8 U.S.C. § 1252(B).

Finally, Barrios argues that the Board violated his due process right "to a full and fair immigration proceeding" by failing to address equitable tolling in its decision. To make a due process claim, Barrios would have to show that he has a liberty or property interest in the outcome of the proceedings. *Ali,* 395 F.3d at 732. But this court has held that an alien cannot have a liberty or property interest in cancellation of removal because it is a form of discretionary relief, the denial of which does not implicate due process. *Id.* Accordingly, his due process argument fails.

For the reasons stated herein, we DENY the petition for review.