UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 19, 2005
Decided January 4, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-2484

| | | |
|---|---|---|
| SASA POPADIC, | | Petition for Review of an Order of the |
| | *Petitioner*, | Board of Immigration Appeals |
| *v.* | | No. A72-134-868 |
| ALBERTO R. GONZALES, | | |
| | *Respondent*. | |

**O R D E R**

Sasa Popadic, a citizen of Serbia (part of the former Yugoslavia), entered the United States in August 1992 on a six-month visitor's visa. He applied, unsuccessfully, for asylum in January 1993. An Immigration Judge ("IJ") ordered him removed and granted him the opportunity to voluntarily depart. Popadic, though, remained in the United States and, in January 2000, filed a motion with the IJ to reopen his deportation proceedings, to seek protection under the Convention Against Torture ("CAT") and to renew his asylum claim based on changed country conditions. The IJ denied his motion and Popadic appealed to the Board of Immigration Appeals ("BIA"), which dismissed his appeal in May 2004.

Popadic simultaneously filed a motion to reconsider with the BIA, which it denied, and petitioned this court for review. We deny the petition.

Popadic originally sought asylum and withholding of deportation in 1993, arguing that he would face persecution and torture if returned to Yugoslavia because he avoided military service and opposed the government. The Immigration and Naturalization Service ("INS") initiated deportation proceedings and Popadic appeared before an IJ in Chicago. After a hearing on February 14, 1995 (the transcript of which is not in the record because Popadic did not appeal to the BIA), the IJ issued an oral decision ordering Popadic removed to Yugoslavia, but permitted him to depart voluntarily on or before December 31, 1995. Popadic remained in the United States because a traffic incident allegedly left him in the hospital for 15 days, a leg cast for 6 months, and physical therapy for one year; he does not explain why he remained after his recovery. In November 1998, he was detained in New Mexico by the Border Patrol. He reported that he was released for "humanitarian reasons," after an organization called Las Americas Refugee Asylum Project notified the INS that it would file a CAT claim on his behalf, and he then returned to Chicago.

In January 2000 Popadic filed a motion to reopen proceedings so that he could seek relief under CAT and renew his application for asylum. He argued that country conditions had changed since the 1995 denial of his petition because the Yugoslav government was actively prosecuting those who avoided the draft that had been instituted in response to the conflict in Kosovo. The IJ denied the motion to reopen. First, the IJ determined that even if Popadic evaded military service, he could not establish a fear of future persecution because conditions in Yugoslavia changed after he filed his motion. The IJ noted that then-President Slobodan Milosevic lost the presidency to opposition candidate Vojislav Kostunica, and Kostunica persuaded the Parliament to grant amnesty to men who evaded military service prior to October 7, 2000. The IJ further denied Popadic relief under CAT because he did not file the petition by June 21, 1999 (the latest date that aliens ordered removed before March 22, 1999, could file a CAT claim). And, in any event, the IJ added that Popadic could not establish that he more likely than not would be tortured in Yugoslavia.

Popadic appealed to the BIA, arguing that the 2000 amnesty did not protect those like himself who continued to evade military service after October 2000. He relied principally on the affidavit of Igor Savic, a naturalized United States citizen who, though he was eventually released, was arrested in Yugoslavia in 2002 for failing to report for military service after October 2000. The BIA dismissed Popadic's appeal. In a *per curiam* order the Board agreed with the IJ that Popadic could not establish a prima facie case under CAT and determined that Popadic

failed to show a change in country conditions that would justify reopening his removal proceedings. Because the BIA dismissed the appeal in a two-paragraph order that affirmed the reasoning of the IJ, we review the IJ's order "as supplemented by the BIA's analysis." *Ssali v. Gonzales*, 424 F.3d 556, 561 (7th Cir. 2005).

Popadic first argues that he had a due process right to a transcript of his initial deportation proceeding before the IJ. He suggests that the BIA's policy of not generating a transcript of a removal hearing—unless the alien appeals the decision of the IJ—violates due process when, as in this case, subsequent proceedings depend on the initial hearing.

The government, though, argues that we lack jurisdiction to consider Popadic's due process argument because he did not first present it to the BIA. An alien's due process claim generally does "not require exhaustion because the BIA does not have authority to review constitutional challenges." *See Capric v. Ashcroft*, 355 F.3d 1075, 1087 (7th Cir. 2004). An alien must, however, raise with the Board those "procedural errors correctable by the BIA." *Id.* Here, the absence of a transcript of Popadic's 1995 hearing is such a correctable error. *See, e.g.*, *id.* at 1088 (procedural challenge alleging failure to meaningfully be heard, because of lack of interpreter, is procedural and must be raised before BIA); *Mojsilovic v. INS*, 156 F.3d 743, 748-49 (7th Cir. 1998) (ineffective assistance of counsel claim subject to exhaustion requirement; alien claimed counsel was ineffective for allowing her to be sequestered during her hearing and BIA could have corrected error by remanding case and ordering IJ to conduct hearing with alien present). But, at no stage of these proceedings did Popadic even request a transcript of the 1995 proceeding from the Board. The BIA could have corrected the error, if indeed the absence of the transcript was error, and thus Popadic failed to exhaust his due process claim.

Even if we could reach Popadic's due process claim, we could not grant relief because he has not shown that he suffered prejudice from the absence of the 1995 hearing transcript. *See Ibe v. Gonzales*, 415 F.3d 142, 144 (7th Cir. 2005) (alien alleging due process violation because of incomplete administrative record must show prejudice). We first observe that, though the government is responsible for preparing the record of a removal hearing if the alien appeals to the BIA, *see Ortiz-Salas v. INS*, 992 F.2d 105, 106 (7th Cir. 1993), Popadic's failure to appeal the IJ's 1995 removal order relieved the government of that responsibility. *See Matter of Ambrosio*, 14 I. & N. Dec. 381, 383 (BIA 1973) ("Due process is not violated if a transcript is made available under such circumstances [subsequent proceedings, such as motions to reopen] on a selective rather than an automatic basis."); *see also Ortiz-Salas*, 992 F.2d at 106 (government must prepare hearing record "if the alien appeals from the immigration judge's order").

Because the government was not under an obligation to automatically produce a transcript of Popadic's 1995 hearing, the test for his due process claim—that the transcript became necessary once he filed his motion to reopen—is whether he suffered prejudice. *See Wigglesworth v. INS*, 319 F.3d 951, 960 (7th Cir. 2003) ("[I]n order to prevail on a due process claim, the alien must establish prejudice resulting from the violation.") Accordingly, he must show how the transcript would have "changed the outcome" of his motion to reopen and CAT claim. *Ortiz-Salas*, 992 F.2d at 106. Popadic did not rely on any facet of his initial hearing to support his motion to reopen or his CAT claim. Here, he seems to argue that the IJ and BIA should have considered his prior oral testimony when they reviewed his motion to reopen. Generally, prior testimony could be valuable only if there was a dispute regarding whether evidence in support of the motion was new. *See Patel v. Ashcroft*, 378 F.3d 610, 612 (7th Cir. 2004) (motion to reopen must be based on "facts or evidence not available at the time of the original decision, such as changed country conditions"). The IJ, though, denied the motion not because the evidence had already been presented during the 1995 hearing, but rather because changed country conditions did not increase the likelihood Popadic would suffer persecution. Popadic may believe that the transcript could bolster his claim for asylum if the IJ or BIA reopened proceedings (by, for example, providing details of his alleged past persecution that he no longer recalls), but he has not referred to any statement that may be in the transcript that could have shown a change in country conditions necessary to support his motion to reopen. Similarly, he has failed to suggest a way in which the transcript would advance his CAT claim, by showing a future likelihood of torture. He, therefore, has not shown prejudice.

Popadic next argues that the BIA erred by failing to explicitly address his rebuttal evidence, consisting of the Savic affidavit. He suggests that he provided the affidavit to show that individuals who failed to respond to draft notices sent after October 2000 (the date of the amnesty) continued to be prosecuted. The BIA did not mention the affidavit.

The BIA enjoys a presumption of regularity, and thus a petitioner challenging its actions bears the burden of convincing "us that the BIA failed to consider the evidence and arguments presented." *See Rashiah v. Ashcroft,* 388 F.3d 1126, 1130 (7th Cir. 2004). It is not enough for an alien to argue that the BIA "neglected its duty to fully review the decision of the IJ . . . simply because it did not list the steps it has taken." *Id.* The alien must, for example, show that the appellate record, including those items allegedly overlooked by the BIA, merits overturning the Board's decision. *See Kaczmarczyk v. INS*, 933 F.2d 588, 595 (7th Cir. 1991).

Popadic cannot meet this burden because the Savic affidavit does not call into question the BIA's decision to dismiss the appeal. The affidavit demonstrates only that officials may prosecute someone suspected of evading a draft notice issued after October 2000. Savic averred that the military police charged him with evading a draft notice issued on September 20, 2001. But Popadic has not shown that he was issued a similar draft notice. More importantly the affidavit does not help Popadic demonstrate that the punishment for evading military service would itself rise to the level of persecution—Savic was detained and interrogated, but released before facing a military tribunal. And there is no indication that the punishment would constitute persecution *per se*, as might be the case when service would be in support of an internationally condemned military action. *See Pelinkovic v. Ashcroft*, 366 F.3d 532, 538 (7th Cir. 2004) (any punishment for failure to serve in internally condemned military action could itself be persecution); *Vujisic v. INS,* 224 F.3d 578, 581 (7th Cir. 2000). Thus Popadic cannot show that the BIA neglected its duty to consider the evidence he submitted, including the Savic affidavit; the affidavit did not improve his likelihood of success on the motion to reopen or CAT claim.

Finally Popadic argues that the BIA failed to apply the presumption of future persecution based on a showing of past persecution. *See, e.g., Capric*, 355 F.3d at 1084. The presumption of future persecution, however, applies to the decision whether to grant asylum. *See*, *e.g.*, *Capric*, 355 F.3d at 1084; *Ambati v. Reno*, 233 F.3d 1054, 1060 (7th Cir. 2000). A motion to reopen, by contrast, must be based on "facts or evidence not available at the time of the original decision, such as changed country conditions." *Patel*, 378 F.3d at 612 (7th Cir. 2004); *see also Asani v. INS*, 154 F.3d 719, 725 n.2 (7th Cir. 1998) (alien "can file a motion to reopen based on changed circumstances at any time if conditions have changed in his home country since the time of the hearing"). Thus Popadic's argument that the BIA misapplied a legal presumption when it first considered his application for asylum does not merit reopening proceedings. *See Betouche v. Ashcroft*, 357 F.3d 147, 152 n.9 (1st Cir. 2004) (alien's past persecution claim, presented in initial removal proceeding, not basis for motion to reopen proceedings).

Accordingly the petition for review is DENIED.