UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2006[*]
Decided May 12, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-2039

| | |
|---|---|
| SABUER BAHRI, <br> *Petitioner*, | Petition for Review of an Order of the <br> Board of Immigration Appeals |
| *v.* | No. A79 018 230 |
| ALBERTO R. GONZALES, <br> *Respondent*. | |

**O R D E R**

Sabuer Bahri, a citizen of Tunisia, petitions for review of the Board of Immigration Appeals' decision denying his second motion to reopen his removal proceedings to adjust his status based on his marriage to a United States citizen. The BIA denied his motion because of the numerical bar under 8 C.F.R. § 1003.2(c)(2), limiting aliens to a single motion to reopen. We deny the petition.

Bahri overstayed his visitor's visa and received a notice to appear from the Immigration and Naturalization Service. Shortly after receiving this notice, Bahri

---

[*] We granted on March 21, 2006 the petitioner's motion to waive oral argument. The appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(f).

petitioned to adjust his status based on his recent marriage to a United States citizen. But before the INS could act on this petition, he and his wife divorced. Two months after the divorce, however, Bahri married another United States citizen and filed a "Motion to Terminate Removal Proceedings" so he could adjust his status based on this marriage. An Immigration Judge summarily denied the motion and ordered Bahri removed.

In March 2004, six days after the IJ ordered him removed, Bahri filed a "Motion to Reconsider," seeking adjustment of status based on an immediate visa that he said was available to him as a result of his second marriage. The IJ construed this motion as one to reopen, but denied it because Bahri failed to provide clear and convincing evidence that his marriage was bona fide. With scant explanation, Bahri then had his second marriage annulled. Notwithstanding the annulment, Bahri appealed the IJ's decision to the BIA, and the BIA affirmed.

Bahri subsequently retained new counsel and in January 2005 filed a "Motion to Reconsider" based on yet another marriage to a United States citizen (he entered this third marriage only two-and-a-half weeks after the annulment of his second marriage). He asserted that this marriage was bona fide, and as proof he attached copies of his marriage certificate and joint financial statements. The BIA construed this motion also as one to reopen because it included new evidence. Because this motion constituted a second motion to reopen, the BIA rejected it as numerically barred under § 1003.2(c)(2).

Bahri contends on appeal that the BIA erred in concluding that the January 2005 motion exceeded the numerical bar under § 1003.2(c)(2) for motions to reopen. He maintains that his March 2004 filing was not a motion to reopen, but rather a motion to reconsider: first, he labeled the motion as such, and second, it challenges the IJ's decision on the basis of an error of law—that the IJ erroneously denied his motion to terminate proceedings because he was in fact eligible to seek adjustment of status based on a filed I-130 visa petition.

The BIA properly determined that the January 2005 motion was numerically barred under § 1003.2 because it constituted an improper second motion to reopen. Bahri's earlier motion, from March 2004, was correctly characterized as one to reopen rather than to reconsider, given that it was based on a fact—the supposed availability of an immediate visa—not available at the time the IJ denied his motion to terminate removal proceedings. "A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier, while a motion to reopen asks for reconsideration on the basis of facts or evidence not available at the time of the original decision, such as changed country conditions." *Patel v. Ashcroft*, 378 F.3d 610, 612 (7th Cir. 2004).

Bahri also contends that even if the March 2004 motion was properly construed as a motion to reopen, he is entitled to equitable relief from the numerical bar of § 1003.2(c)(2) because former counsel made "fraudulent misrepresentations" concerning the status of the case—informing Bahri that he had applied for voluntary departure, when in fact he had not. In only vague terms, Bahri asserts that the fraudulent misrepresentation rendered the proceedings "so fundamentally unfair that he was prevented from reasonably presenting his case," and equity therefore required that he be allowed to file a second motion to reopen.

Generally an alien may file only one motion to reopen. 8 C.F.R. § 1003.2(c)(2); *Simtion v. Ashcroft*, 393 F.3d 733, 736 (7th Cir. 2004). The statute lists four exceptions to this requirement, but Bahri does not argue for, nor does he qualify for, any of them. *See* 8 U.S.C. § 1003.2(c)(3). Even if we assume that an alien could be entitled to equitable relief from the numerical bar, Bahri's asserted reason—ineffective assistance of counsel in apprising him about the status of his case—lacks merit because Bahri has not demonstrated prejudice. *Patel v. Gonzales*, Nos. 04-3401, 04-4159, 05-1687, ___ F.3d. ___, 2006 WL 799187, at *5 (7th Cir. Mar. 30, 2006); *Mojsilovic v. INS*, 156 F.3d 743, 749 (7th Cir. 1998). Specifically, counsel's alleged failure to inform him about the status of the case would not have affected the outcome of the proceedings, given that the annulment of his second marriage would have revoked any permanent resident status he could have hoped to obtain as a result of the marriage. *See* 8 U.S.C. § 1186a; *cf. Freeman v. Gonzales*, No. 04-35797, ___ F.3d ___, 2006 WL 1044220, at *9 (9th Cir. Apr. 21, 2006) (applying § 1186a).

Finally, Bahri claims that the BIA erred by not recognizing that his due process rights were violated when his counsel failed to file for voluntary departure and then misrepresented to him the status of the case. Bahri seeks to reopen so he can obtain an adjustment of status, which is a form of discretionary relief. *Hamdan v. Gonzales*, 425 F.3d 1051, 1060-61 (7th Cir. 2005). But an alien's right to due process does not extend to decisions for discretionary relief. *Cevilla v. Gonzales*, No. 05-2387, ___ F.3d ___, 2006 WL 1133148, at *3 (7th Cir. May 1, 2006); *Ali v. Ashcroft*, 395 F.3d 722, 732 (7th Cir. 2005). Bahri is asking only that the government exercise its discretion, and therefore he cannot prevail on his due process claim.

Accordingly, we DENY the petition.