# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-4243

OLAJUMOKE ABIOLA AJOSE,

*Petitioner*,

v.

ALBERTO R. GONZALES, Attorney General
of the United States,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

ARGUED JANUARY 26, 2005—DECIDED MAY 18, 2005

_____

Before EASTERBROOK, RIPPLE, and EVANS, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*.    A citizen of Nigeria, Olajumoke Abiola Ajose entered the United States from Mexico by stealth in 1999. After being caught, she claimed asylum on the ground that she would be subject to religious persecution if repatriated. The immigration judge disbelieved her story, and the Board of Immigration Appeals dismissed the appeal in February 2003 after her lawyer neglected to file a brief. Eight months later Ajose filed a motion to reopen, asserting a different ground of asylum: that Ajose's daughter, born in the United States in 2001,

could be subject to genital mutilation were Ajose returned to Nigeria. The BIA denied that motion as untimely for two reasons: first, motions to reopen normally must be filed within 90 days of the Board's initial decision, see 8 C.F.R. §1003.2(c)(2), and this was more than five months late; second, reopening after the 90 days depends on changed circumstances in the alien's native land, and Ajose did not contend that conditions in Nigeria have deteriorated since the hearing, creating a problem that did not exist earlier. Nor did she address the significance of the fact that her daughter, as a U.S. citizen, need not accompany her to Nigeria. See *Oforji v. Ashcroft*, 354 F.3d 609 (7th Cir. 2003); *Olowo v. Ashcroft*, 368 F.3d 692 (7th Cir. 2004). Ajose could and should have raised at the hearing (held the year after her daughter's birth), and on direct appeal to the Board, any hazards that removal would have posed.

Ajose's petition for review presents only the denial of the motion to reopen, for her lawyer allowed the time to obtain judicial review of the initial decision to lapse. As the period is jurisdictional no excuse is availing. See *Stone v. INS*, 514 U.S. 386 (1995). But the administrative time limit on a motion to reopen, and the changed-circumstance requirement, are not jurisdictional, see *Joshi v. Ashcroft*, 389 F.3d 732, 734-35 (7th Cir. 2004), leading Ajose to contend that the Board should have entertained her contentions. Yet she does not attempt to demonstrate changed circumstances, which under the Board's rules can open a window for a belated motion. Instead she contends that delay was justified because her lawyer did not receive notice of the Board's original decision.

Whether the lawyer had actual knowledge of the decision is hard to determine. The Board says that notice was sent and not returned as undeliverable. Perhaps counsel received but misfiled it. He blames the Postal Service for failing to reroute the notice: his law firm dissolved in mid-February 2003, and he formed a new partnership at a

different address later that month. Maybe the Postal Service delivered the notice to counsel's ex-partner, who neglected to forward the mail. Instead of relying on the Postal Service to determine where a legal document should go when the address on the envelope is obsolete, counsel should notify the Board, so that it can address the notice correctly. Although the move was contemporaneous with the Board's decision, it would have been easy to tell the Board earlier, while the change was in prospect. Similarly counsel could have called the Board's hotline to determine whether orders concerning any of his clients had been entered during the transition. (It was such an inquiry, made in September 2003 at his client's behest, that alerted counsel to February's decision.) Even a notice in March or April 2003 likely would have induced the Board to send a fresh copy of its order, and thus afforded counsel time to meet the 90-day deadline for a motion to reopen.

Lawyers' errors in civil proceedings are imputed to their clients. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 396-97 (1993); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976); *Link v. Wabash R.R.*, 370 U.S. 626, 633-34 (1962); *Societé Internationale v. Rogers*, 357 U.S. 197, 212 (1958). Whether or not any of the Board's rules *requires* counsel to file change-of-address notices (which it does, see 8 C.F.R. §1003.38(e)), prudence demands that step. Babatunde A. Irukera, who represented Ajose before the Board and remains her lawyer to this day, tells us that he does no more than the rules require, and because he could not find a rule compelling lawyers to file change-of-address forms he saw no reason to tell the Board about his relocation. This implies that he is a menace to his clients; it does not require the Board to excuse his nonfeasance and extend indefinitely the time for filing motions. The Board enjoys considerable leeway when dealing with motions to reopen, see *INS v. Doherty*, 502 U.S. 314, 323 (1992), and did not abuse that discretion in these proceedings.

Another equitable escape hatch to which Ajose alludes, 8 U.S.C. §1229b(b)(1)(D), is available only to aliens who have been in the United States for 10 years. She is well short of that mark.

The petition for review is denied.

**A true Copy:**

Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*