**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 13, 2005
Decided December 19, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-1784

SMAIL AIT ALI,[*]
    *Petitioner*,

    *v.*

ALBERTO R. GONZALES, Attorney
General of the United States,
    *Respondent*.

Petition for Review of an Order
of the Board of Immigration
Appeals

No. A75-101-858

**O R D E R**

Algerian native Smail Ait Ali wants to reopen his asylum case, although he filed his motion to reopen after the 90-day deadline passed. Hoping to excuse his motion's lateness, he maintains that the Board of Immigration Appeals should have exempted it from the deadline because evidence that he recently decided to "come out" and admit that he is a homosexual creates "changed circumstances" in his

---

[*]At oral argument counsel explained that the petitioner's first name is Smail—not his last, as erroneously indicated in written submissions to this court.

"country of nationality." But since his choice to admit his homosexuality was a change in personal circumstances rather than a change in country conditions, the argument must fail. We deny his petition for review.

Ait Ali is a forty-one-year-old native of Algeria. He fled in 1995 to Canada, where he abandoned an earlier asylum application. In 1997 he came to the United States and applied again for political asylum. An Immigration Judge and the BIA rejected his application. He did not seek review.

A year and a half after the BIA rejected his claim, Ait Ali filed a motion to reopen because he is gay. He contended that, owing to psychological reasons arising from Algeria's anti-gay culture, he could not admit his sexuality earlier; instead, he found the courage at an unspecified time, presumably after the proceedings, though he did not expressly say when. The BIA denied the motion as too late since no exception to the deadline applied.

Now, Ait Ali argues that the BIA abused its discretion, *see Ajose v. Gonzales*, 408 F.3d 393, 395 (7th Cir. 2005), when it denied the motion to reopen as untimely. Regrettably, his arguments are largely irrelevant and difficult to follow. But he maintains that his motion was exempt from the 90-day deadline applicable to motions to reopen, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (formerly § 1229a(c)(6)(C)(i)); 8 C.F.R. § 1003.2(c)(2), because he adduced new evidence of changed circumstances "arising in the country of nationality or the country to which removal has been ordered" to justify asylum or withholding, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii) (formerly § 1229a(c)(6)(C)(ii)); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

At the threshold, the Attorney General argues that Ait Ali didn't exhaust his administrative remedies because he neglected to raise this argument to the BIA. But Ait Ali had argued to the BIA that psychological difficulty admitting his homosexuality ought to justify permitting his late motion. True, that argument sounds more like equitable tolling (which he abandons on appeal if he ever did raise it), yet it's the same argument that he's now trying to force into the framework of changed country conditions. Moreover, the BIA decided that no statutory exceptions applied (changed country conditions is the principal such exception). Therefore the problem isn't non-exhaustion, *see Yan v. Ashcroft*, 393 F.3d 418, 422 & n.4 (3d Cir. 2005) (BIA had opportunity to address simple issue), but that, as the BIA recognized, Ait Ali's argument is a bad one.

Since Ait Ali says that he was born gay, the "change" that he is asserting was the public admission, which occurred here, not in Algeria. Ait Ali relies on cases holding that the BIA erred by not reopening for a Chinese petitioner who feared persecution because she became pregnant with her second child in the United States, *Guo v. Ashcroft*, 386 F.3d 556 (3d Cir. 2004), and an Eritrean who changed

religions in the United States, *Fessehaye v. Gonzales*, 414 F.3d 746 (7th Cir. 2005). But in those cases the petitioner filed the motion to reopen within the 90-day deadline, *Guo*, 386 F.3d at 560; *Fessehaye*, 414 F.3d at 749. When, by contrast, an asylum applicant waits more than 90 days to file a motion to reopen based on a change in personal circumstances here, like pregnancy or birth of a child, the motion is too late. *Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir. 2005) (per curiam); *see Ajose*, 408 F.3d at 394.

Even if Ait Ali is arguing that the "change" is a newfound resentment by individuals in Algeria who learned he was gay, as he hints in his brief, the BIA still did not abuse its discretion. The exception for changed country conditions applies only when evidence "was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii)(formerly § 1229a(c)(6)(C)(ii)); *see Haile v. Gonzales*, 421 F.3d 493, 497 (7th Cir. 2005). But Ait Ali never said when or how anyone in Algeria learned he was gay, or when he learned of their discovery. He said only that "persons that knew [him] . . . have been making statements about [his] homosexuality" and that his family disowned him. The other affidavits and arguments he presented to the BIA are equally vague and cannot help him establish the timing element. In any event, he fails to develop this last argument in his brief, and it is thus waived, *Ross Bros. Constr. Co., Inc. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 875 (7th Cir. 2002).

Finally, Ait Ali's reliance on *Karouni v. Gonzales*, 399 F.3d 1163 (9th Cir. 2005), for the proposition that he has made a prima facie case for asylum is misplaced. *Karouni* was not a case about a motion to reopen, much less a *late* motion to reopen. Because the BIA properly denied Ait Ali's motion as untimely, we need not address eligibility for asylum.

The Petition is DENIED.