UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued December 14, 2005
Decided April 6, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1437

| | |
|---|---|
| AICHA DIALLO,<br>        *Petitioner*,<br><br>                    *v.*<br><br>ALBERTO R. GONZALES, Attorney General<br>of the United States<br>        *Respondent*. | Petition for Review of an Order<br>of the Board of Immigration<br>Appeals<br><br><br><br>No. A96-149-823 |

**ORDER**

Aicha Diallo is a native and citizen of Guinea.  She petitions for review of the Board of Immigration Appeals' order denying her motion to reopen.  Although Diallo's motion to reopen was not timely filed, we believe that Diallo made a sufficient showing that country conditions had changed.

Diallo entered the United States in 2002 and sought asylum, withholding of removal, and protection under the Convention Against Torture.  She claimed that she had a well-founded fear of persecution based on her membership in the Rally of the Guinean People (RPG), a political party that opposes the regime of President Lansana Conte and his political party, the Party of Unity and Progress (PUP).

Specifically, she claimed that she recruited and campaigned for RPG and that she helped organize a demonstration against a referendum that would have allowed President Conte to remain in office indefinitely. Diallo said that, because of these activities, she was imprisoned twice, once for nine months and once for about six months. She said that during her first imprisonment, she was raped and beaten with an electrical cord. She also said that soldiers threatened to kill her brother in her presence.

The immigration judge denied relief, finding Diallo not credible, and the BIA summarily affirmed. Diallo then moved to reopen proceedings with the BIA. She argued both that country conditions had changed in Guinea since her asylum hearing and that she had new evidence supporting her asylum claim that was not available at the time of her hearing. For reasons that are unclear, this motion was filed two days late. The BIA denied the motion as untimely, and added that Diallo had not shown changed country conditions or introduced new evidence that was previously unavailable.

We review the denial of a motion to reopen for an abuse of discretion. *Singh v. Gonzales*, 404 F.3d 1024, 1027 (7th Cir. 2005). Motions to reopen usually must be filed within 90 days of the decision the movant is seeking to reopen, 8 C.F.R. § 1003.2(c)(2), and the record here indicates that Diallo's motion was filed at the earliest on October 28, 2004—92 days after the BIA summarily affirmed the IJ's order on July 28, 2004.

An untimely motion may be brought, however, if the applicant can establish "changed circumstances arising in the country of nationality . . . ." 8 C.F.R. § 1003.2(c)(3)(ii); *see Ajose v. Gonzales*, 408 F.3d 393, 395 (7th Cir. 2005). Evidence of changed country conditions must be material and must have been unavailable at the time of the applicant's previous hearing. 8 C.F.R. § 1003.2(c)(3)(ii). For such evidence to be "material" the applicant must show that it "would likely change" the outcome of the proceedings if they were reopened. *Matter of Coelho*, 20 I & N Dec. 464, 473 (BIA 1992).

With her motion to reopen, Diallo submitted several additional documents post-dating her hearing that describe ominous developments in Guinea relevant to her claims of persecution on account of political opinion. Among the documents she submitted were 1) reports from BBC News indicating that new presidential elections were held in December 2003 and were boycotted by most of the opposition parties because of allegedly widespread fraud, 2) an article in *Actualite*, a Guinean newspaper, reporting that Lansana Conte won this election with over 95% of the vote after running against a nearly unknown opponent, 3) BBC reports that in late 2003 and early 2004 a leader of an opposition political party was detained, and travel restrictions were placed on two other opposition politicians, and 4) a BBC

report from November 2003 describing warnings of increasing unrest and quoting an opposition leader's warning that Guinea could be on the verge of a civil war if a fair election was not held.

In a single sentence, the BIA brushed off this evidence as insufficient because it "fails to demonstrate the conditions in Guinea have materially changed." From this perfunctory conclusion, however, we cannot tell whether the BIA specifically considered any of the materials. *See Fessehaye v. Gonzales*, 414 F.3d 746, 754 (7th Cir. 2005) (reversing BIA's decision to deny motion to reopen where BIA did not explain why it considered petitioner's evidence insufficient); *Mansour v. INS*, 230 F.3d 902, 908 (7th Cir. 2000) (BIA's decision must show that it has thought about issues raised by petitioner and "not merely reacted") (internal citation and quotation marks omitted).

Furthermore, we note that the most recent State Department Country Report on Human Rights Practices for Guinea–of which the Board may take administrative notice, *see Medhin v. Ashcroft*, 350 F.3d 685, 690 (7th Cir. 2003)–describes violent clashes between RPG supporters and police during the elections held last December in which several people were injured. Country Reports on Human Rights Practices-2005, section 2b. We conclude that the BIA abused its discretion by failing to consider Diallo's evidence of changed country conditions.

For the foregoing reasons, the petition for review is GRANTED. The order of the BIA is VACATED and this matter is REMANDED to the BIA for further consideration in light of this decision.