UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 19, 2006
Decided May 2, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 05-2388

| | |
|---|---|
| MUSARAT N. SHARAFI,<br>    *Petitioner*, | Petition for Review of the Board of<br>Immigration Appeals |
| *v.* | No. A76-772-198 |
| ALBERTO R. GONZALES,<br>    *Respondent*. | |

**O R D E R**

Musarat Sharafi, a native and citizen of Pakistan, sought adjustment of status before an immigration judge ("IJ") in 2001. The IJ denied her request and ordered her removed from the United States. Later she moved to reopen the proceedings, claiming that she was prejudiced at her hearing by ineffective assistance of counsel. The IJ denied the motion largely on the ground that she failed to satisfy one of the requirements for establishing ineffective assistance of counsel under *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988): she did not show that she had filed a complaint against her former counsel with an appropriate disciplinary authority. Sharafi appealed this decision to the Board of Immigration Appeals ("BIA"), which affirmed without opinion in 2003. More than a year later, Sharafi moved to reopen proceedings before the BIA, asserting that she had "new

and material evidence" to support her application for adjustment of status. The BIA denied her motion to reopen as untimely, and then rejected the arguments she advanced in a motion to reconsider. Sharafi next sought our review of "the underlying orders in this cause." After oral argument, we ruled from the bench that the petition would be denied. We now supplement our ruling with this order.

A petition for review must be filed within 30 days of the decision to be reviewed, *see* 8 U.S.C. 1252(b)(1); *Asere v. Gonzales*, 439 F.3d 378, 380 (7th Cir. 2006); *see Stone v. INS*, 514 U.S. 386, 395 (1995) (holding that motion to reconsider does not toll time for review of underlying order), but Sharafi failed to comply with the deadline as to any of the BIA's rulings except its order denying her motion to reconsider. Our review is confined to consideration of that denial; all we can do is determine whether she gave the BIA reason to reconsider. *Rehman v. Gonzales*, 441 F.3d 506, 508 (7th Cir. 2006); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). Sharafi, however, fails even to mention the denial of the motion to reconsider in the discussion section of her brief; thus she has waived her right to review of that decision. *See Asere*, 439 F.3d at 381. Only after the government pointed out this omission did she attempt to address in her reply brief the denial of the motion to reconsider, but arguments that appear for the first time in a reply brief are no less waived. *See, e.g., United States v. Alhalabi*, No. 05-2209, 2006 WL 910331, at *4 (7th Cir. Apr. 11, 2006); *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 528 (7th Cir. 2005); *El-Gharabli v. INS*, 796 F.2d 935, 940 (7th Cir. 1986) (per curiam). At oral argument, moreover, counsel again ignored the denial of the motion to reconsider and instead attacked the denial of the underlying motion to reopen. We invited counsel to explain how, consistent with the Supreme Court's decision in *Stone*, we might consider his arguments, but he refused to do so. Because Sharafi failed to obtain judicial review of the BIA's denial of her motion to reopen and because she has failed to present any argument concerning the denial of her most recent motion to reconsider, there is no argument properly before us. *Stone*, 514 U.S. at 397; *see Rehman*, 441 F.3d at 508; *Asere*, 439 F.3d at 380; *Ajose v. Gonzales*, 408 F.3d 393, 394-95 (7th Cir. 2005). Accordingly, we DENY the petition for review.