In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-1635

MARTINA L. MUNGONGO,

*Petitioner*,

*v.*

ALBERTO R. GONZALES,

*Respondent*.

———————

Petition for Review of an Order of
the Board of Immigration Appeals.
No. A76-851-766

———————

ARGUED JANUARY 4, 2007—DECIDED MARCH 15, 2007

———————

Before POSNER, RIPPLE and WILLIAMS, *Circuit Judges*.

RIPPLE, *Circuit Judge.* Martina Mungongo asks us to review the Board of Immigration Appeals' ("BIA" or "Board") denial of her motion to reconsider an earlier denial of a motion to reopen her removal proceedings. For the reasons set forth in this opinion, we must deny her petition.

# I

# BACKGROUND

## A.

Ms. Mungongo is a native and citizen of Tanzania. She came to the United States, with her family, in 1994 on a Fulbright Fellowship. She overstayed her visa and, in 1998, was served with a notice to appear before an Immigration Judge ("IJ"). At her removal hearing, Ms. Mungongo admitted removability, but sought asylum and withholding of removal. She testified that, in Tanzania, she had been denied promotions in the medical field because of her refusal to join the Chama Cha Mapinduzi Revolutionary Party, the ruling party in Tanzania. She also claimed that she feared sexual advances by her superiors because they had made such overtures to her in the past. The IJ found that Ms. Mungongo had testified credibly, but that she had not established her entitlement to relief. However, the IJ granted her voluntary departure. In 2002, the BIA affirmed the IJ's decision and, in the same order, denied Ms. Mungongo's motion to reopen her removal proceedings to apply for relief under the Convention Against Torture ("CAT"). Ms. Mungongo petitioned this court to review the decision of the BIA, but later requested that we dismiss the petition.

## B.

Ms. Mungongo did not voluntarily depart. In 2005, she was stopped by local police for a traffic violation. When her immigration status was ascertained, she was taken into custody by the Department of Homeland Security ("DHS"). She later moved to reopen her removal

proceedings. In her motion, Ms. Mungongo submitted that "exceptional and compelling circumstances, supported by new evidence," warranted reopening of her removal proceedings. A.R. Supp. at 141. Specifically, she recounted that, after the last hearing in her earlier removal proceeding, her husband had been diagnosed with spleen cancer. The disease had advanced so far that he could no longer work; consequently, Ms. Mungongo was her family's sole means of financial support. Furthermore, she continued, because of the limited medical resources in Tanzania, her husband would be unable to obtain the extensive treatment he required.

Ms. Mungongo further submitted that her children were acculturated in the United States, that she had purchased property in the United States, that she is well-educated, that her skills and experience would qualify her for an employment-based adjustment of status (which her current employer was in the process of pursuing) and that she was a person of good moral character. Ms. Mungongo asked that the BIA grant her motion to reopen, stay the execution of the removal order against her and grant administrative closure of her removal proceedings so that she could pursue adjustment of status in the United States.

## C.

In an order dated October 19, 2005, the BIA denied the motion to reopen the removal proceedings. The BIA first held that Ms. Mungongo's motion was untimely because it was submitted more than two years after the Board's decision, well after the 90-day time period for such motions. *See* 8 C.F.R. § 1003.2(c)(2). The Board further noted

that Ms. Mungongo had not identified any specific administrative relief for which she might be eligible. She was barred from seeking adjustment of status, noted the Board, because she had failed to depart from the United States under the Board's grant of voluntary departure. Moreover, the BIA continued, even if Ms. Mungongo's failure to depart voluntarily had not barred her from seeking adjustment of status, reopening was not warranted because Ms. Mungongo had not established prima facie evidence of eligibility for adjustment of status; she had "neither procured an approved visa petition nor submitted an application for adjustment of status." A.R. Supp. at 125.

Notably, the BIA did recognize the "various humanitarian factors" Ms. Mungongo cited in her motion. *Id.* It concluded, however, that it had no "authority to unilaterally craft relief from removal for which the respondent has not demonstrated eligibility." *Id.*

## D.

After the denial of her motion to reopen, Ms. Mungongo filed a motion to reconsider that decision. Much of this motion reiterated the contents of the motion to reopen. However, Ms. Mungongo also included new information. She informed the BIA that, in addition to spleen cancer, her husband had been diagnosed with AIDS and that he had applied for asylum and withholding of removal on the ground that he would face persecution in Tanzania because of his AIDS diagnosis. She further noted that Tanzania had denied her husband a passport and had refused to admit him into the country, presumably because of his AIDS diagnosis.

The BIA denied Ms. Mungongo's motion to reconsider. It noted that "[a] motion to reconsider shall specify the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." A.R. Supp. at 2. Ms. Mungongo's motion had not met this requirement because it did "not identify or establish any factual or legal error in th[e] Board's October 19, 2005, decision." *Id.* Finally, the BIA stated that it had "reviewed the other arguments made by [Ms. Mungongo] in her motion" and had "considered these arguments before rendering a decision in this case" and "decline[d] to revisit them." *Id.* Ms. Mungongo timely petitioned this court for review of the BIA's order denying her motion to reconsider.

## II

## DISCUSSION

### A.

We begin our assessment of this appeal by setting forth the principles that must govern our decision. We review the BIA's denial of a motion to reconsider for an abuse of discretion. *See Patel v. Gonzales*, 442 F.3d 1011, 1016 (7th Cir. 2006). We shall not find that the BIA has abused its discretion unless its decision "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis, such as invidious discrimination against a race or particular group." *Singh v. Gonzales*, 404 F.3d 1024, 1027 (7th Cir. 2005) (quoting *Achacoso-Sanchez v. INS*, 779 F.2d 1260, 1265 (7th Cir. 1985)) (internal quotation marks omitted).

Motions to reopen and motions to reconsider serve distinct functions. *See Patel*, 442 F.3d at 1015. Motions to

reopen ask the BIA to reconsider its earlier decision based on "facts or evidence not available at the time of the original decision," *id.*; they do not challenge the correctness of an earlier decision based on the existing record, *see In re Cerna*, 20 I. & N. Dec. 399, 403 (B.I.A. 1991). By contrast, the basis of a motion to reconsider is a contention that "the original decision was defective in some regard." *Id.* at 402. Motions to reconsider ask the BIA to reexamine its earlier decision "in light of additional legal arguments, a change of law, or an argument that was overlooked." *Patel*, 442 F.3d at 1015 (quoting *Patel v. Ashcroft*, 378 F.3d 610, 612 (7th Cir. 2004)). Therefore, in considering such motions, the Board places itself "back in time and consider[s] the case as though a decision in the case on the record before [it] had never been entered." *In re Cerna*, 20 I. & N. Dec. at 402.

The regulations governing motions to reconsider and motions to reopen reflect their distinct function. A motion to reopen must "state the *new* facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (emphasis added). A motion to reopen is therefore the proper mechanism by which a movant may request to submit new evidence. *Cf. In re Cerna*, 20 I. & N. Dec. at 400. By contrast, a motion to reconsider must direct the BIA's attention to the defect in the earlier decision "by specifying the errors of fact or law in the prior Board decision . . . supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1).

**B.**

We now consider Ms. Mungongo's petition to review the BIA's denial of her motion to reconsider. Ms.

Mungongo maintains that the BIA abused its discretion in denying her motion to reconsider on several grounds. She maintains that her family circumstances warrant a favorable exercise of discretion by the Board and that she may be eligible for asylum as a dependent under her husband's application. She asks the BIA to reassess the factors that she presented in the earlier motion to reopen and to reevaluate its determination not to exercise discretion in her favor. Additionally, Ms. Mungongo asks the BIA to consider her husband's HIV status in determining whether it should exercise favorably its discretion.

Ms. Mungongo's submission presents no argument that could warrant relief. She points to no errors of fact or law in the Board's denial of her motion to reopen. Although Ms. Mungongo does request the BIA to reassess the factors she had presented in her motion to reopen, she does not claim that the BIA either failed to consider a fact previously presented or applied an incorrect legal standard. Nor does she point to a change in the applicable law that would warrant reconsideration by the BIA. Furthermore, prior to filing the motion to reconsider, Ms. Mungongo did not raise her husband's AIDS diagnosis as a basis for a favorable exercise of discretion. New evidence may not be submitted in a motion to reconsider.[1] *Cf. In re Cerna*, 20 I. & N. Dec. at 400. Because this argument was not presented to the Board as a basis for reopening Ms.

---

[1] Such evidence can be considered in a motion to reopen, assuming it meets other requirements of the rule. However, because Ms. Mungongo failed to raise these facts in her original motion to reopen, she may not raise these facts in a subsequent motion to reopen, as she is limited by regulations to one motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2).

Mungongo's removal proceedings at the time of her motion to reopen, the BIA's failure to consider such information cannot constitute a defect in the process by which it reached its decision to deny Ms. Mungongo's motion to reopen.

Accordingly, we must conclude that Ms. Mungongo's motion to reconsider did not present any "additional legal arguments, a change of law, or an argument that was overlooked" by the BIA in denying her motion to reopen. *Patel*, 442 F.3d at 1015 (quoting *Patel v. Ashcroft*, 378 F.3d at 612). For that reason, the BIA did not abuse its discretion in denying Ms. Mungongo's motion to reconsider.

As we have noted earlier, the Board, while denying Ms. Mungongo's motion to reopen, noted the strong humanitarian concerns presented by her case and noted that it had no authority to construct unilaterally a solution to the situation. We similarly pause to note the considerable humanitarian concerns at stake in this case. Like the Board, we do not have the legal authority to address these concerns. That authority is vested in the political branches of our national government. It appears that a number of potential avenues of relief still remain open to Ms. Mungongo. It is within the power of Congress to enact a private bill permitting her to remain in the United States. Further, Ms. Mungongo may apply to the DHS district director for an administrative stay of her removal order; a decision which remains within the district director's discretion. *See* 8 C.F.R. § 241.6(a). Lastly, it appears that Ms. Mungongo may qualify for asylum as a derivative asylee, should her husband's application for asylum be granted, *see* 8 U.S.C. § 1158(b)(3)(A), an avenue that remains open, even if Ms. Mungongo did not join initially in her husband's application, *see* 8 C.F.R. § 208.21(c).

## Conclusion

The BIA did not abuse its discretion when it denied Ms. Mungongo's motion to reconsider. Accordingly, the petition for review must be denied.

PETITION DENIED

A true Copy:

    Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*