NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued April 17, 2007
Decided August 9, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-2944

| | | |
|---|---|---|
| DANIAL NISSAN,<br>  *Petitioner,* | | Petition for Review of an Order of the<br>Board of Immigration Appeals |
| *v.* | | |
| ALBERTO R. GONZALES, Attorney<br>General of the United States,<br>  *Respondent.* | | No. A77-656-263 |

**O R D E R**

Danial Nissan, a native of Syria, has been trying to adjust his status to that of a lawful resident of the United States, based on his marriage to a United States citizen. So far, his efforts have been unsuccessful, and this case reaches us on his petition for review of a decision of the Board of Immigration Appeals denying his second motion to reopen his removal proceedings. The BIA denied his motion because it was untimely and because 8 C.F.R. § 1003.2(c)(2) limits applicants to one motion to reopen. We conclude that the Board properly characterized his motion as one to reopen and acted within its discretion to deny the motion, and we therefore deny the petition for review.

**I**

Nissan entered the United States in January 2002 on a visitor's visa. In December 2002, five months after his visa expired, the Department of Homeland Security (DHS) charged him with removability. A little more than a year later, in January 2004, Nissan married Migdalia Reyes, a United States citizen. On July 28, 2004, the day before Nissan's removal hearing, Reyes filed an I-130 petition for an immediate-relative visa for him. At the hearing the next day, Nissan conceded removability, but he requested a continuance so that DHS could adjudicate his I-130 petition. The immigration judge (IJ) denied his motion as premature and ordered him removed after Nissan declined the opportunity to request voluntary departure.

Nissan appealed the IJ's denial of the continuance to the BIA. In April 2005, while that appeal was pending, DHS informed Reyes that her I-130 petition would be denied on the ground that it had concluded that she married Nissan solely to give him an immigration benefit. DHS gave Reyes 30 days to submit additional documentation to refute this finding, but she did not respond and the denial became final. Nissan and Reyes divorced shortly afterwards, in October 2005. The next month, the BIA affirmed the IJ's denial of Nissan's motion to continue the removal hearing.

Losing no time, by December 2005 Nissan had married another United States citizen, Sadeta Kalamperovic. She filed a new I-130 petition on Nissan's behalf. At that point, Nissan filed a motion with the BIA a motion to reopen his removal proceedings, so that he could pursue an application for adjustment of status based on Kalamperovic's I-130 petition. The government opposed that motion, and the BIA denied it, both because of the government's opposition and because it found that Nissan had failed to overcome the finding that he married Reyes solely to circumvent immigration laws. (We note in this connection that the form that Kalamperovic used did not include any question about her awareness of past I-130 petitions that might have been filed on Nissan's behalf, although the record suggests that she was aware of the fact that he had been married before. The record also includes Nissan's I-485 application to adjust his status; that form, notably, does not ask the applicant whether he had any previous I-130 petitions that the government denied, nor does it ask about previous marriages.)

In March 2006, after the BIA had denied Nissan's motion to reopen, DHS approved Kalamperovic's I-130 petition. The next month, Nissan filed a "motion to reconsider" in which he argued that the BIA should reopen his case in light of this new development. In response, the BIA first noted that the motion, although labeled a "motion to reconsider," was in reality a motion to reopen, because Nissan was asking the BIA to consider new evidence rather than arguing new legal theories. As a second motion to reopen, the BIA noted that it was both untimely and successive, and it decided that the motion did not fall within any exception to the bars against filing late or second motions.

## II

An alien is entitled to file only one motion to reopen, and that motion must be filed within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2); *Ajose v. Gonzales,* 408 F.3d 393, 394 (7th Cir. 2005). Aliens also have the right to file a motion to reconsider a final decision of the BIA within 30 days of that decision. 8 C.F.R. § 1003.2(b)(2); *Padilla-Padilla v. Gonzales,* 463 F.3d 972, 978 n.7 (9th Cir. 2006). Finally, an alien may request reconsideration of the BIA's denial of a motion to reopen. See *Alizoti v. Gonzales,* 477 F.3d 448, 451 (6th Cir. 2007). In his petition, Nissan argues that he was asking for reconsideration of the denial of his motion to reopen, rather than filing a second motion to reopen. The Board therefore erred, he continues, in its characterization of his motion and its conclusion that the motion was untimely and successive.

This court has explained that a motion asking the BIA to reexamine its decision based on facts or evidence not available at the time of the original decision should be treated as a motion to reopen. See *Mungongo v. Gonzales,* 479 F.3d 531, 534 (7th Cir. 2007); *Patel v. Gonzales,* 442 F.3d 1011, 1015-16 (7th Cir. 2006). In contrast, a motion to reconsider asks the BIA to reexamine its decision in light of additional legal arguments, a change of law, or an argument that was overlooked earlier. *Patel,* 442 F.3d at 1015; see also *Mungongo,* 479 F.3d at 534 ("[A] motion to reconsider must direct the BIA's attention to the defect in the earlier decision by specifying the errors of fact or law in the prior Board decision ... supported by pertinent authority.") (Internal quotation marks and citations deleted.)

Nissan concedes that he relied on new evidence – that is, his newly granted I-130 petition – in arguing that the BIA should "reconsider" its earlier decision denying his motion to reopen. But he insists that he mentioned that new evidence only to support a new legal argument. His "new" legal argument attacks DHS's finding that his marriage to Reyes was fraudulent. He reasons that because DHS is prohibited from granting an I-130 petition to an alien who previously sought to procure an immediate-relative visa through fraud, see 8 U.S.C. § 1154(c), DHS must have decided that his marriage to Reyes was not fraudulent after all when it granted Kalamperovic's I-130 petition. It follows, he reasons, that the BIA erred in denying his motion to reopen based on the mistaken view that Reyes's I-130 petition was fraudulent.

Nissan may have presented an ingenious argument, but when all is said and done, the fact remains that his petition hinges on new evidence: the fact that DHS granted Kalamperovic's I-130 petition after the BIA issued its original decision. When an alien presents new evidence as part of a motion to reconsider, as Nissan did here, the BIA has held that the motion should be construed as one to reopen. See *Matter of Cerna,* 20 I&N Dec. 399, 400 (BIA 1991); see also *Mungungo,* 479 F.3d at 535 ("New evidence may not be submitted in a motion to reconsider."); *Alizoti,* 477 F.3d at 452 (citing *Matter of Cerna*); *Mohammed v. Gonzales,* 400 F.3d 785, 792 (9th Cir. 2005); *Zhao v.*

*United States Dep't of Justice,* 265 F.3d 83, 90 (2d Cir. 2001). The BIA thus acted consistently with the regulations and its past practice when it construed Nissan's motion as one to reopen.

The only remaining question is therefore whether the BIA abused its discretion when it decided to deny the motion. *Gomes v. Gonzales,* 473 F.3d 746, 752 (7th Cir. 2007) (applying abuse of discretion standard). The regulation recognizes four exceptions to the numeric and time limits for motions to reopen. See 8 C.F.R. § 103.2(c)(3). Nissan neither argues for nor qualifies for any of them. Furthermore, he has never made an argument for equitable tolling, and even if he had, there is nothing in this record to suggest that it should apply (much less that it is so clearly applicable that the BIA abused its discretion in rejecting this approach). For that matter, since he never asked the BIA for equitable tolling, this court would lack jurisdiction to address that possibility, since we cannot address issues that were not fairly presented to the BIA. See *Medhin v. Ashcroft,* 350 F.3d 685, 689 (7th Cir. 2003). For all these reasons, we conclude that the BIA did not abuse its discretion when it denied Nissan's second motion to reopen.

The petition for review is therefore DENIED.