NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 9, 2010
Decided July 6, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3513

| | |
|---|---|
| AYAZ AHMED, | Petition for Review of an Order of the Court |
| *Petitioner,* | Board of Immigration Appeals. |
| *v.* | |
| | No. A076-773-886 |
| ERIC H. HOLDER, JR., Attorney | |
| General of the United States, | |
| *Respondent.* | |

**O R D E R**

Ayaz Ahmed styles this petition for review as a challenge to the Board of Immigration Appeals's denial of his motion to reopen, but his briefs focus exclusively on the merits of the underlying order of removal, entered ten months earlier. Ahmed filed his petition far too late to challenge the removal order, which this court lacks jurisdiction to review. And since Ahmed has not argued that the Board erred in denying his motion to reopen, we deny the petition for review.

Ahmed is a citizen of Pakistan who entered the United States in 1999 and overstayed his visa. He came to the government's attention in 2003 when he tried to register for the National Security Entry-Exit Registration System, and shortly thereafter he was charged as being removable under 8 U.S.C. § 1227(a)(1)(B). He admitted removability but feared harm based on his political opinion; this prompted him to seek withholding of removal and protection under the Convention Against Torture. Ahmed asserted that he was a member of one faction of the Mohajir Quami Movement (MQM) and was persecuted by another faction, the Haqiqi Mohajir Quami Movement (MQM-H). Most significantly, Ahmed said that in 1997 members of the MQM-H kidnapped and assaulted him, and made him promise to join their ranks. The Immigration Judge found Ahmed's testimony not credible and unsupported by documentary evidence, and denied his claims. The Board agreed and dismissed the appeal on November 6, 2008. Ahmed's counsel did not petition for review.

Five months later, with a different lawyer, Ahmed moved to reopen his case. He had missed the 90-day deadline, but he invoked the exception for changed country conditions. See 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii). The Board found not only that he failed to supplement his motion with the appropriate documentation, see 8 C.F.R. § 1003.2(c)(1), but also that he failed to demonstrate changed country conditions. The Board noted that two letters he submitted from his friends in Pakistan were too vague, and a letter from his brother was the same letter he had submitted in the underlying proceeding. Ahmed petitioned for review.

Ahmed suggests that a timely petition from any Board order gives the court jurisdiction to review all of the proceedings up to that point, but his argument lacks merit. If Ahmed wished to seek judicial review of the Board's original removal order, his petition was due within 30 days. See 8 U.S.C. § 1252(b)(1). But he did not file this petition until ten months later. Because the time period to obtain judicial review of the removal order is jurisdictional, no excuse is available. See *Stone v. I.N.S.*, 514 U.S. 386, 405 (1995); *Ajose v. Gonzales*, 408 F.3d 393, 394-95 (7th Cir. 2005). Even a timely motion to reconsider does not toll the time to seek review of the removal order, *Stone*, 514 U.S. at 405; *Asere v. Gonzales*, 439 F.3d 378, 380 (7th Cir. 2006), much less an untimely motion to reopen.

Although the court does have jurisdiction to review the denial of his motion to reopen, see *Kucana v. Holder*, 130 S. Ct. 827, 840 (2010), Ahmed mounts no meaningful challenge to that order. He acknowledges it in the jurisdictional statement of his brief, but adds nothing further. Instead, he devotes his briefs to arguing the merits of the underlying removal order, challenging the Board's determinations that he was not credible and that he did not show past or future persecution. He has attempted to justify that strategy by maintaining that Board, by discussing the removal order, thereby invited full review on the merits. But the Board did no such thing; it simply recounted the history of the case as a

prelude to its decision not to reopen the petition. Because Ahmed has not offered even a hint as to why he thinks the Board erred in denying his motion to reopen, we agree with the government that he has waived the argument. See *Asere*, 439 F.3d at 380-81; *Brucaj v. Ashcroft*, 381 F.3d 602, 611 n.7 (7th Cir. 2004).

Given that Ahmed has not challenged the only decision this court has jurisdiction to review, we DENY the petition for review.