**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 28, 2010[*]
Decided July 28, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-2913

| | |
|---|---|
| SUCIC ZLATAN, <br>     *Petitioner*, | Petition for Review of an Order of the <br> Board of Immigration Appeals. |
|     *v.* | No. A072 133 489 |
| ERIC H. HOLDER, JR., Attorney General <br> of the United States, <br>     *Respondent*. | |

**O R D E R**

An immigration judge terminated Sucic Zlatan's status as an asylee and ordered him removed from the United States. He appealed to the Board of Immigration Appeals ("BIA"), which affirmed the immigration judge's decision. Zlatan then filed a motion to reconsider with the BIA, which denied the motion as untimely. He seeks review of that decision, but we must dismiss his petition for lack of jurisdiction.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Zlatan, a native of the former Yugoslavia and citizen of Serbia, came to the United States as a visitor in 1993 and was granted asylum in 1994 based on his fear of political persecution in Yugoslavia.  In 2008 he was convicted in Illinois state court of stalking, 720 ILCS 5/12-7.3(a)(1), cyberstalking, 720 ILCS 5/12-7.5(a), and harassment through electronic communications, 720 ILCS 135/1-2.  (An appellate court vacated the latter conviction but affirmed the other two. *People v. Sucic*, No. 1-08-0371, 2010 WL 2010511 (Ill. App. Ct. May 19, 2010).)  Six months after his conviction, Zlatan was placed into removal proceedings, at which point he requested permanent-resident status, sought to maintain his asylee status, and sought withholding of removal and protection under the Convention Against Torture.

After hearings, the immigration judge found Zlatan inadmissible because his stalking and cyberstalking offenses were crimes of moral turpitude, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(I), and, alternatively, found him removable because those offenses were aggravated felonies, *see* 8 U.S.C. § 1227(a)(2)(A)(iii).  The judge terminated Zlatan's asylum status; denied his application for permanent-resident status and his requests for withholding of removal and protection under the Convention Against Torture; and ordered him removed to Serbia.  Zlatan appealed to the BIA, which on April 13, 2009, adopted and affirmed the decision of the immigration judge.

On May 18, 2009, Zlatan—detained in a county jail at the time—filed a motion to reconsider with the BIA.  (That same day, he filed a petition for review of the BIA's decision in this court.  Because he did not file it within 30 days of the BIA's order, *see* 8 U.S.C. § 1252(b)(1), we dismissed the petition for lack of jurisdiction. *Zlatan v. Holder*, No. 09-2302 (7th Cir. June 4, 2009).)  The BIA denied Zlatan's motion to reconsider as untimely, explaining that the motion needed to be filed 30 days after the BIA's April 13 decision—i.e., by May 13—and that it received the motion on May 18. *See* 8 C.F.R. § 1003.2(b)(2).  (The BIA does not observe a "mailbox" rule and does not consider a motion filed until the BIA has received it; a detention facility's receipt of the motion for mailing does not suffice. *See* Board of Immigration Appeals Practice Manual, Ch. 3, § 3.1(a)(i), *available at* http://www.justice.gov/eoir/vll/qapracmanual/pracmanual/chap3.pdf.)  The BIA noted that Zlatan mailed his motion from the jail no earlier than May 11, and, citing *In re Liadov*, 23 I. & N. Dec. 990, 993 (BIA 2006), reasoned that the failure of the motion to arrive by May 13 was "not a 'rare' or 'extraordinary' circumstance that would warrant consideration of an untimely motion." *See* 8 C.F.R. § 1003.2(a).

Zlatan seeks review of the denial of his motion to reconsider, but much of his petition focuses on the removal order.  We lack jurisdiction to consider that subject, however, because the time period to obtain judicial review of the removal order has lapsed. *Stone v. INS*, 514 U.S. 386, 405-06 (1995); *Ajose v. Gonzales*, 408 F.3d 393, 394-94 (7th Cir. 2005).  Even a timely motion to reconsider does not toll the time to seek review of the

removal order, *see Stone*, 514 U.S. at 405-06; *Asere v. Gonzales*, 439 F.3d 378, 380-81 (7th Cir. 2006), much less an untimely motion.

Zlatan asserts that his motion to reconsider was timely, but we lack jurisdiction to examine the BIA's denial of that motion because he has been found removable for committing crimes of moral turpitude and aggravated felonies. *See* 8 U.S.C. § 1252(a)(2)(C). That statute bars us from reviewing Zlatan's removal order, *see id*., and its bar extends to subsequent motions to reconsider, *see Martinez-Maldonado v. Gonzales*, 437 F.3d 679, 683 (7th Cir. 2006); *Dave v. Ashcroft*, 363 F.3d 649, 652 (7th Cir. 2004). Finally, the BIA's denial of the motion to reconsider does not fall within § 1252(a)(2)(D)'s exception—for constitutional or legal claims—to the jurisdiction-stripping provisions of § 1252(a)(2); the denial was discretionary and does not present a question of law. *See* 8 C.F.R. § 1003.2(a); *Khan v. Filip*, 554 F.3d 681, 687 (7th Cir. 2009); *Zamora-Mallari v. Mukasey*, 514 F.3d 679, 694 (7th Cir. 2008).

Accordingly, we must DISMISS the petition for want of jurisdiction.