NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 3, 2012[1]
Decided March 12, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-2476

| | |
|---|---|
| AYAZ AHMED, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A 076-773-886 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**O R D E R**

Ayaz Ahmed, a citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen his removal proceedings. This is our

---

[1] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

second time reviewing such a petition from Ahmed. See *Ahmed v. Holder*, 383 F. App'x 558, 560 (7th Cir 2010). As we explained before, after the Board upheld its original order of removal, Ahmed filed an untimely motion to reopen those proceedings. He tried to justify his late filing by reference to the statutory exception for changed country conditions, see 8 U.S.C. § 1229a(c)(7)(C)(i), but the Board denied his motion. Ahmed then petitioned this court for review. We denied the petition because Ahmed had failed to challenge the Board's refusal to reopen the case; instead, he focused only on the underlying order of removal, over which we had no jurisdiction. *Ahmed*, 383 F. App'x at 560.

A few months after our decision, Ahmed filed a second motion to reopen with the Board. Again, he argued that the changed circumstances exception excused his late filing. The Board denied Ahmed's renewed motion to reopen on the ground that he had not met his "heavy burden" to produce material evidence of changed country conditions in Pakistan that would support a grant of asylum. The Board found that the affidavits Ahmed had attached to his motion lacked sufficient detail and that news articles detailing current events, such as the recent murder of Imran Farooq – a former leader of the group with which Ahmed was affiliated (the Mohajir Quami Movement (MQM)) – and the activities of the Taliban in Pakistan, did not show materially changed country conditions that were tied to Ahmed's "race, religion, nationality, membership in a particular social group, or political opinion," as required by law. See 8 U.S.C. § 1231(b)(3)(A); see also *Pelinkovic v. Ashcroft*, 366 F.3d 532, 356 (7th Cir. 2004).

We have jurisdiction to review the Board's denial of Ahmed's second motion to reopen, but we do so deferentially, looking only for abuse of discretion. *Calma v. Holder*, 663 F.3d 868, 873 (7th Cir. 2011) (citing *Kucana v. Holder*, 130 S. Ct. 827 (2010)). There is no such abuse here. Although Ahmed accurately describes many changes that have taken place in Pakistan since his first hearing in December 4, 2007, especially with respect to its relationship with the United States, he fails to explain how these changes are relevant to his claim for withholding of removal. He continues to argue that he has a well-founded fear of persecution should he return to Pakistan because of his political affiliation with MQM, which has had a violent relationship with a rival faction, the Haqiqi Mohajir Quami Movement (MQM-H). Ironically, some of the evidence Ahmed submitted to the Board in his recent motion actually undermines this assertion. The New York Times reported, in an article discussing Imran Farooq's murder, that the MQM is now "the dominant party" in Karachi. Although the article described how the MQM's "split into two factions" in the early 1990s prompted a wave of violence, it did not mention any changes in this pattern

that have occurred after Ahmed's 2007 hearing. Adam B. Ellick & Huma Imtiaz, *Pakistani's Death in London Sets Off Unrest in Karachi*, N.Y. TIMES, Sept. 17, 2010, at A6. The weight of the other evidence Ahmed offered concerned the possibility that his children, some born in the United States, could be targeted or recruited into terrorist groups upon returning to Pakistan. Although that allegation is indeed disturbing, it unfortunately is not relevant to Ahmed's claims with respect to his *own* removal proceedings.

We conclude that there is no abuse of discretion here in the Board's refusal to reopen Ahmed's removal proceedings, and we therefore DENY the petition for review.