Benito HERNANDEZ–TORRES,
Petitioner,

v.

Eric H. HOLDER, JR., United States Attorney General, Respondent.

No. 14–9592.

United States Court of Appeals, Tenth Circuit.

March 20, 2015.

§ 2000cc *et seq.*

Benito Hernandez–Torres, Syracuse, UT, pro se.

Monica Antoun, Elizabeth Robyn Chapman, General Counsel, United States Department of Justice Office of Immigration Litigation, Washington, DC, DOH/EOIR/BIA, Falls Church, VA, John Longshore, Director, DHS Immigration and Customs Enforcement, Centennial, CO, Respondent.

Before MATHESON, MURPHY and PHILLIPS, Circuit Judges.

### ORDER AND JUDGMENT *

SCOTT M. MATHESON, JR., Circuit Judge.

Benito Hernandez–Torres, a 50–year–old native and citizen of Mexico, entered the United States without inspection in 1995. He unsuccessfully applied for asylum and withholding of removal, and became subject to a final order of removal in 2012. He filed two motions to reopen his case. The Board of Immigration Appeals ("BIA") denied both motions. The BIA's denial of his second motion is the subject of this petition for review ("PFR"). Exercising jurisdiction under 8 U.S.C. § 1252, we deny Mr. Hernandez–Torres's PFR.

### I. BACKGROUND

Mr. Hernandez–Torres entered the United States without inspection on July 20, 1995. On December 14, 2005, over ten years after arriving, he applied for asylum so that he could receive a work permit "to be able to get a better job and also to be legal in the country." AR at 327. He stated the following in support of his appli-

---

* After examining Mr. Hernandez–Torres's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

cation. In 1993, he had been beaten and robbed at gunpoint in Santiago Ixcuintla, Nayarit, Mexico by men who threatened to kill him if they saw him again. He reported the incident to police, who arrested but then released the individuals. The men again approached Mr. Hernandez–Torres and threatened to kill him because he had reported the incident. Immediately after this confrontation, police stopped Mr. Hernandez–Torres and detained him for two days, during which time he learned the men who robbed him were drug dealers with connections to the police. He claimed the police "told [him] to watch [his] back" upon release from jail. *Id.* at 581. Mr. Hernandez–Torres moved to Tijuana, Mexico in November 1993, but months later, his father told him the men knew where he lived and advised him to leave. Mr. Hernandez–Torres claimed he feared being killed if he returned to Mexico because the men would remember him.

The Department of Homeland Security ("DHS") declined to adjudicate his asylum application and instead initiated removal proceedings on January 27, 2006, charging him with being present in the United States without having been admitted or paroled. Mr. Hernandez–Torres conceded removability, but renewed his asylum application and sought withholding of removal under both the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT").

On February 4, 2011, after a merits hearing, an Immigration Judge ("IJ") denied Mr. Hernandez–Torres's requests for relief. Mr. Hernandez–Torres appealed to the BIA. On November 6, 2012, the BIA dismissed his appeal. Mr. Hernandez–Torres did not file a PFR of this decision, but did file a motion to reopen with the

BIA, asking for prosecutorial discretion. On March 28, 2013, the BIA denied his motion, and Mr. Hernandez–Torres did not seek judicial review. On May 23, 2013, he filed a motion to reconsider the denial of his motion to reopen. On June 27, 2013, the BIA denied his motion as untimely. Mr. Hernandez–Torres filed a PFR, but this court dismissed for lack of prosecution. *See Hernandez–Torres v. Holder,* No. 13–9580 (10th Cir. Sept. 30, 2013).

On April 22, 2014, Mr. Hernandez–Torres filed a second motion to reopen. He argued conditions in Mexico had deteriorated. He asked for prosecutorial discretion and contested the IJ's denial of a continuance to allow time for him to hire a new attorney. He attached articles about drug-related violence in Mexico, a declaration stating he wished to apply for asylum because he feared being killed, and a letter from his father describing the attack that caused Mr. Hernandez–Torres to leave Mexico.

On September 24, 2014, the BIA denied the motion because it was untimely and number-barred, failed to include an asylum application as required by 8 C.F.R. § 1003.2(c)(1), and did not show changed country conditions in Mexico. The BIA gave "little weight to [Mr. Hernandez–Torres's] statement and his father's undated statement"[1] because Mr. Hernandez–Torres had not challenged the IJ's prior adverse credibility finding. AR at 2. The BIA determined he did not qualify for CAT relief because he also did "not make a prima facie showing that the Mexican Government would be willfully blind to any torturous acts which might be committed against him upon his return to Mexico." *Id.* at 3. Finally, the BIA noted DHS can

1. Contrary to the BIA's assertion, the father's Spanish-version statement was dated. It was only the English translation that was undated.

consider any request for prosecutorial discretion independent of removal proceedings, so there was no reason to reopen the proceedings on that basis.[2]

Mr. Hernandez–Torres filed a PFR of the BIA's September 24, 2014 denial of his second motion to reopen. He seems to make three arguments. First, he "seek[s] to reopen his case based on new evidence" regarding country conditions. Pet'r Br. at 2. Second, he argues the BIA incorrectly applied the law on his CAT claim. *Id.* at 3–4. And, finally, he argues the IJ erroneously denied a request for a continuance so that he could obtain counsel. *Id.*

We review a BIA order denying a motion to reopen for abuse of discretion. *See Wei v. Mukasey*, 545 F.3d 1248, 1254 (10th Cir.2008). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir.2013) (quotations omitted). We hold the BIA did not abuse its discretion in denying Mr. Hernandez–Torres's motion, and deny the PFR.

## II. DISCUSSION

An applicant may file one motion to reopen within 90 days of the final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). These "time and numerical limitations" do not apply when the motion to reopen to reapply for asylum or withholding is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hear-

ing." 8 C.F.R. § 1003.2(c)(3); *see also id.* § 1003.23(b)(4)(i).

■ The BIA correctly determined Mr. Hernandez–Torres's motion was untimely and number-barred. The April 22, 2014 motion to reopen was untimely because Mr. Hernandez–Torres filed it more than 90 days after the November 6, 2012 final order of removal. The motion to reopen was number-barred because it was his second one.

The BIA did not abuse its discretion in denying the motion for failing to meet the changed-circumstances exception. The BIA correctly noted that most of the evidence attached to Mr. Hernandez–Torres's second motion to reopen predated the February 4, 2011 merits hearing. These Internet articles were "available" and able to be "presented" at the time of the hearing. 8 C.F.R. § 1003.2(c)(3); *see Wei*, 545 F.3d at 1254 (concluding the BIA did not abuse its discretion in denying a motion to reopen because the "pertinent content of [the newly-submitted] documents was already available to [the applicant] before the BIA's order of removal"). The documents that post-date the merits hearing—a September 2, 2013 news article, Mr. Hernandez–Torres's declaration, and his father's letter—reflect a continuation of the circumstances that existed at the time of the hearing rather than a change in country conditions. *See id.* (concluding the evidence in the applicant's motion to reopen "was not materially different from her submissions" during the initial removal proceeding).

■ Further, the BIA did not abuse its discretion in denying Mr. Hernandez–Torres's CAT claim because he had not made

---

**2.** Mr. Hernandez–Torres does not challenge the BIA's denial of his motion to reopen for the exercise of prosecutorial discretion. We therefore do not consider this part of the BIA's decision. *See Krastev v. I.N.S.*, 292 F.3d 1268, 1280 (10th Cir.2002) (noting arguments not raised on appeal are deemed waived).

"a prima facie showing that the Mexican Government would be willfully blind to any torturous acts which might be committed against him upon his return to Mexico." AR at 3; *see I.N.S. v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (noting the BIA may deny a motion to reopen if the "movant has not established a prima facie case for the underlying substantive relief sought"). As the BIA noted, the September 2, 2013 news article stated Mexican police arrested a suspected leader of a drug cartel in Nayarit, Mr. Hernandez–Torres's home state. This arrest indicates Mr. Hernandez–Torres has failed to meet the government acquiescence requirement for a successful CAT claim. *See* 8 C.F.R. § 1208.18(a)(1) (defining "torture" as being "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity").[3]

Finally, the BIA noted Mr. Hernandez–Torres did not comply with the regulatory requirement that he attach an asylum application to his motion. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation."). A motion to reopen can be used only to introduce new facts. *Id.* The absence of a newly-executed asylum application reflects an improper attempt to use another motion to reopen to re-litigate Mr. Hernandez–Torres's original application. The BIA thus did not abuse its discretion in relying on this, as well as the other aforementioned grounds, to deny the motion.[4]

## III. CONCLUSION

For the foregoing reasons, we deny Mr. Hernandez–Torres's PFR.

---

**3.** In his PFR, Mr. Hernandez–Torres alleges, as he did before the IJ, that because of corrupt authorities, his attackers discovered he had reported them to the police and, as such, threatened to kill him. We decline to consider this argument. He did not raise this argument in his April 22, 2014 motion to reopen and, therefore, the BIA did not abuse its discretion by failing to consider it. *See Mungongo v. Gonzales,* 479 F.3d 531, 535 (7th Cir. 2007) ("Because this argument was not presented to the Board as a basis for reopening [the applicant's] removal proceedings at the time of her motion to reopen, the BIA's failure to consider such information cannot constitute a defect in the process by which it reached its decision to deny [the applicant's] motion to reopen."). In any case, in his February 4, 2011 decision, the IJ made an adverse credibility finding as to Mr. Hernandez–Torres's entire testimony. Mr. Hernandez–Torres neither challenged this finding in his appeal to the BIA nor does so in the PFR before this court.

**4.** Mr. Hernandez–Torres also seems to argue in his second motion to reopen and in the PFR before this court that the IJ erred in denying his request for a continuance so that he could hire an attorney. The BIA did not specifically address this argument in its September 24, 2014 denial. Any error, though, would be harmless for two reasons. First, the BIA's determination his motion was untimely and number-barred applies to his continuance argument because there is no exception to the time and numerical limitations for such an argument. *See* 8 C.F.R. § 1003.2(c)(3). Second, the BIA already rejected this identical argument in its November 6, 2012 decision, and Mr. Hernandez–Torres has not shown the determination would be any different this time around. *See Nazaraghaie v. I.N.S.,* 102 F.3d 460, 465 (10th Cir.1996) ("[E]ven assuming *arguendo* that the BIA failed to weigh certain pieces of evidence fully, the result in this case would be no different. Any error on the part of the BIA is therefore harmless....").